HAVENER *v.* STATE OF INDIANA.

[No. 29,242. Filed March 9, 1955.]

*Arthur Griffith,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* Deputy Attorney General, for appellee.

LEVINE, J.—Appellant, Donald W. Havener, appeals from a judgment of the Vanderburgh Circuit Court wherein he was convicted of the crime of robbery while armed with a dangerous or deadly weapon. Prosecution by the State of Indiana (appellee herein) was by affidavit. Appellant's motion to quash the affidavit was overruled by the court, he entered a plea of "not guilty," and later a trial was had before a special judge and a jury. The jury returned its verdict of guilty of "robbery while armed with a dangerous or deadly weapon, as charged in the affidavit herein, and that he (appellant) is 30 years of age."

Thereafter the court adjudged the defendant (appellant herein) guilty of robbery while armed, and ordered imprisonment in the Indiana State Prison for a period of fifteen years. The court also sentenced the appellant for the offense of robbery to the Indiana State Prison "for a period of not less than ten (10) years nor more than twenty-five (25) years, and that he pay and satisfy the costs . . . ."

There are seven errors relied upon by appellant for reversal. The first concerns the overruling of the appellant's motion to quash the affidavit. There was a mistake in the date of the jurat (December 11, 1954), which, later, the court of its own motion directed the clerk to change to February 11, 1954. It is apparent from the record that the affidavit charged the offense was committed on February 8, 1954, that it was filed on February 11, 1954, and so endorsed by the clerk, and on the same date approved by the prosecuting attorney. See *Ross* v. *State* (1894), 9

Ind. App. 35, 36, 37, 36 N. E. 167, 168, where the court said:

> "The criminal court overruled a motion to quash the affidavit. For this supposed error, the appellant asks us to reverse the judgment.
>
> "One of the alleged defects in the affidavit consists in the fact that in the jurat the year in which the same was subscribed and sworn to is given as 189—. It is apparent that this was a mere clerical omission. The police judge before whom the affidavit was made might properly have amended the jurat by supplying the omitted figure at any time before or during the time of trial. We see no reason why the amendment may not be deemed to have been made.
>
> "The affidavit, taken as a whole, together with the certificate of the city clerk as to the time of the filing of the same, shows that the year intended to be written was that of 1893. Besides, we do not think the jurat would be invalid if no date whatever had been written in it. The officer's act is authenticated by his certificate of the performance of the same. The certificate is not invalid for the want of a date, although both convenience and good practice may require that it be dated." See, also, *Patton* v. *State* (1923), 192 Ind. 632, 636, 135 N. E. 795, and *Peats* v. *State* (1938), 213 Ind. 560, 567, 12 N. E. 2d 270.

We feel the motion to quash was properly overruled.

Appellant further contends that the court erred in overruling appellant's objection to State's Exhibit No. 4, and its admission into evidence, which exhibit consisted of currency taken from the glove compartment of appellant's automobile. There was substantial evidence to show that at about 7:00 p.m., on February 8, 1954, appellant entered the store in question and forced the proprietor at gun's point to hand over $670 in money which was being counted. Police cars were alerted, and, shortly after 11:00 p.m., the same night, an officer spotted appellant,

whom he had been dispatched to pick up for armed robbery. After identifying the automobile, the officer forced appellant to stop at Third and Main Streets, in the City of Evansville, examined his driver's license, and placed him under arrest. Later, he took the money, identified as State's Exhibit No. 4, and a gun, from the glove compartment of the car. The record does not show an illegal search of the automobile. The officer making the arrest was dispatched to pick up appellant for the commission of a felony, and the articles found were taken as a mere incident to his lawful arrest. Under such circumstances, they were admissible in evidence. *Roby* v. *State* (1939), 215 Ind. 55, 65, 66, 17 N. E. 2d 800; *Pettit* v. *State* (1935), 207 Ind. 478, 482, 188 N. E. 784.

Appellant further claims denial of due process, based on his claim that he was forced to appear in court in an unshaven and unclean condition.

This matter was not brought to the attention of the trial court until after the close of the State's evidence, on the second day of the trial, and then on a motion for a mistrial, which was overruled by the court. We feel that the objection came too late, and that the trial court did not abuse its discretion in refusing to grant a mistrial. The court saw the appellant and was in the best position to know whether the appearance of appellant was prejudicial.

The final question in this appeal centers on the double sentence for armed robbery and for robbery, on a verdict of guilty of armed robbery, on an affidavit in one count charging "armed robbery." Appellant was tried by a jury on his "not guilty" plea, and the verdict found him guilty of "robbery while armed with a dangerous or deadly weapon, as charged in the affidavit herein, and that he is 30 years of age."

Following that verdict, the court pronounced a sentence of fifteen years in the Indiana State Prison, and then further ordered appellant imprisoned for robbery for an indeterminate period of not less than ten years nor more than twenty-five years.

Robbery is included in the charge of "robbery while armed," and it was error for the court, after rendering judgment for armed robbery upon the verdict of the jury, to also render judgment for robbery. See *Carter* v. *State* (1951), 229 Ind. 205, 96 N. E. 2d 273, and *Kokenes* v. *State* (1938), 213 Ind. 476, 13 N. E. 2d 524.

The errors complained of are not sufficient to cause a reversal of the judgment for "armed robbery." Therefore the judgment for armed robbery is affirmed, and the judgment for robbery is reversed.

Emmert, Acting C. J., and Achor and Bobbitt, JJ., concur.

NOTE.—Reported in 125 N. E. 2d 25.