## MUNDY v. STATE OF INDIANA.

[No. 30,458. Filed March 3, 1966.]

*John G. Bunner,* of Evansville, for appellant.

*John J. Dillon,* Attorney General, for appellee.

MYERS, C. J.—This is an appeal from a judgment of the Vanderburgh Circuit Court convicting appellant of the crime of manslaughter. He was indicted on the charge of second-degree murder. Following a plea of not guilty, he was tried by jury which returned a verdict finding him guilty of manslaughter as included in the indictment. A sentence of two to twenty-one years in the Indiana State Prison was imposed. A motion for new trial was filed and overruled. This appeal followed. The assignment of errors is based upon the overruling of the motion for new trial.

The only specification in the motion for new trial which the court needs to consider is No. 5, which reads as follows:

"5. Error of law occurring at the trial and excepted to by the defendant in this to-wit:

"The Court erred in reading to the jury the State's tendered Instruction No. 7, which said State's Instruction No. 7 and defendant's objection thereto are as follows:

". . .

## "STATE'S INSTRUCTION NO. 7

"The characteristic distinction between murder and manslaughter is the existence of malice, express or implied. It therefore becomes necessary in every case of homicide to ascertain with some precision the nature of legal malice, and what evidence is requisite to establish its existence. The rule is that malice is implied in every case of intentional killing, where the fact of killing is proved by satisfactory evidence, and there are not circumstances disclosed tending to show justification or excuse, and there is nothing to rebut the natural presumption of malice. This rule is founded on the plain and obvious principles that a person must be presumed to intend that which he voluntarily and wilfully does, and that he must intend all the probable and usual consequences of his own acts. On the other hand, if death, though wilfully intended, appears to have been inflicted immediately after some great provocation given by the deceased, which provocation is deemed by the law adequate to excite sudden and angry passions, this fact rebuts the presumption of malice; but the killing is still unlawful, because a man is bound to curb his passions and the offense is accordingly manslaughter."

## "OBJECTION:

"The defendant objects to the Court's reading to the jury State's tendered Instruction No. 7 for the reason that said instruction places on the defendant the burden of proving justification or excuse to 'rebut the presumption of malice'.

"Further the last sentence of the State's tendered Instruction No. 7 ignores completely the possibility of self-defense or justification and advises the jury that any wilfully intended death constitutes the offense of manslaughter. This sentence does not recognize the possibility that the accused may be not guilty of any offense if his acts were justified or if he was acting in self defense."

Appellant argues that this instruction attempts to distinguish between murder and manslaughter, but the last sentence thereof unequivocally states that even if there is sufficient provocation to rebut the presumption of malice, the killing is still unlawful and the offense is manslaughter. It is claimed that there is no explanation to the jury advising them that such killing might not be unlawful due to an act of self-

defense. Accordingly, appellant contends that this is an erroneous instruction which is reversible error.

Appellee says that the court deliberately did not attempt to explain self-defense in State's Instruction No. 7, but rather chose to set it out in separate instructions for the clarification of the jury. It argues the general rule that instructions are to be considered by the jury as a whole, and that it is not necessary to embrace all the law in one instruction, citing as authority *Flowers v. State* (1956), 236 Ind. 151, 139 N. E. 2d 185, *Southerland v. State* (1936), 209 Ind. 308, 197 N. E. 841, and *Bohan v. State* (1924), 194 Ind. 227, 141 N. E. 323.

However, it is also the rule that an instruction correctly defining the law cannot cure an erroneous instruction unless such instruction is withdrawn or modified. *Moore v. State* (1948), 226 Ind. 428, 81 N. E. 2d 669; *Krauss v. State* (1947), 225 Ind. 195, 73 N. E. 2d 676; *Brannin v. State* (1943), 221 Ind. 123, 46 N. E. 2d 599.

In the case at bar, appellant relied upon the doctrine of self-defense and submitted evidence pertaining thereto. State's Instruction No. 7 not only ignored this doctrine, but affirmatively excluded it from the jury's consideration. It states that a wilfully-intended killing is unlawful, although without malice, "because a man is bound to curb his passions and the offense is accordingly manslaughter." This is erroneous since a wilfully-intended killing may be excused in the eyes of the law if committed in self-defense. It is then a justifiable killing. *Culp v. State* (1944), 222 Ind. 202, 52 N. E. 2d 486.

Appellee argues that the instruction explicitly stated that a "wilfully" intended death was unlawful; that using the word "wilfully" to modify the word "intended," the court meant more than just any intentional killing, but an unjustified, evil-designed and unlawful killing. The court, however, gave its own Instruction No. 7 which stated the definition of manslaughter as set forth in Burns' Ind. Stat., § 10-3405, 1956 Replacement, and which reads as follows:

## "COURT'S INSTRUCTION NO. 7

"The offense charged in the indictment also includes the crime of manslaughter, which offense is by the statute of our state defined as follows:

" 'Whoever, voluntarily kills any human being without malice, expressed or implied, in a sudden heat, or involuntarily in the commission of some unlawful act, is guilty of manslaughter, and on conviction shall be imprisoned not less than two years, nor more than twenty-one (21) years.' "

In this context, the jury could have understood the words "wilfully intended death" to mean merely a "voluntary killing." If the court had meant something other than "voluntary" by use of the word "wilful," it could have met appellant's objections by inserting the words "unless justified or excused" following the phrase "but the killing is still unlawful."

State's Instruction No. 7 as read to the jury is erroneous. Although correct instructions were given on the law of self-defense, there is no way of knowing which ones the jury followed. For these reasons, the judgment must be reversed and the cause remanded, with instructions to sustain appellant's motion for new trial.

Reversed and remanded.

Jackson, J., concurs. Arterburn, J., dissents. Achor and Rakestraw, JJ., not participating.

NOTE.—Reported in 214 N. E. 2d 389.