### CHARLES BROOKS v. STATE OF INDIANA.

[No. 771S199. Filed January 15, 1973.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in a trial to the court of assault and battery with intent to kill and sentenced to imprisonment for a term of not less than two nor more than fourteen years. This appeal questions only two rulings of the trial court, each being the rejection of certain cross-examination.

The defendant had succeeded, over objection of the State, in extracting from the prosecuting witness the fact that he had a civil law suit for damages pending against the defendant's employer and arising out of the same circumstances as the criminal trial. The court permitted this cross-examination upon the theory that it might conceivably show an interest on the part of the witness in the outcome of the trial. Defendant's counsel next attempted to elicit from the witness the amount of damages being prayed for in the civil suit. The objection by the State to this question was sustained. The gist of the defendant's argument upon

this point is that the prosecuting witness would color or falsify his testimony in order to secure the defendant's conviction, and that he could thereafter use the conviction to his advantage in the pending civil litigation. However, while there are exceptions and even some trend to the contrary indicated in some jurisdictions, Indiana follows the traditional rule that a judgment of conviction in a criminal prosecution is not admissible in a civil case, as evidence of the facts upon which it was based. *Seibold* v. *Welch* (1922), 78 Ind. App. 238, 135 N. E. 258; *Montgomery* v. *Crum* (1928), 199 Ind. 660, 161 N. E. 251; *Beene* v. *Gilbralter Industrial Life Ins. Co.* (1945), 116 Ind. App. 290, 63 N. E. 2d 299. Although the pendency of the civil litigation was admissible as tending to show bias and prejudice (*Hughes* v. *State* (1937), 212 Ind. 577, 10 N. E. 2d 629) we do not agree that the amount of damages prayed for would bear upon such prejudice. The amount of the prayer is in the exclusive control of the plaintiff and is frequently greatly exaggerated and is rarely indicative of the plaintiff's or his counsel's true assessment.

"* * * The trial court, in its discretion, has wide latitude in permitting cross-examination to test the credibility of a witness by disclosing his general attitude toward the circumstances of the case, his interest, his motives, his prejudices, character and other influences which operate upon the mind, and *only clear abuse of such discretion demands reversal.*" (Emphasis ours) *Blue* v. *State* (1946), 224 Ind. 394, 67 N. E. 2d 377, cert. denied 1947, 330 U.S. 840, 67 S. Ct. 976, 91 L. Ed. 1286. Our attitude, on review, should be the same, whether the error claimed is the admission or the rejection of cross-examination. Error, if any, must clearly appear, as we are slow to intervene in such cases. For whatever it was worth, Defendant had succeeded in getting before the jury the fact that the prosecuting witness had a civil action pending that arose from the same circumstances as the criminal trial. We do not think that imparting to the jury the additional knowledge of the amount of the

prayer in the civil action was likely to be influential upon the attitude of the jury, but even if we did, we would not be free to substitute our judgment upon such a discretionary matter.

(2) The investigating police officer, David Bowman, testified for the State. Upon direct examination he merely related the circumstances of his appearance upon the scene of the shooting, the substance of a conversation that he there had with the plant security guard, who was present at the time of such incident and identified the weapon that had been turned over to him. He also related that he obtained and searched the victim's clothing worn at the time of the shooting and that he had talked to the victim on a later occasion. No other testimony was elicited upon his direct examination. Upon cross-examination, defense counsel interrogated witness Bowman with reference to his conversation with the plant security guard, and then the following colloquy occurred.

"Q. And I will ask you from your investigation of this matter have you been able to determine the reputation of the prosecuting witness for peacefulness and quietness and in the neighborhood in which he lives?
MR. WILSON: Objection.
THE COURT: He can answer yes or no.
A. Just by the runs to his house, a total of two or three.
Q. And were those in regards to fights?
A. Yes, sir.
Q. Mr. Brooks wasn't there on any of those occasions?
A. No, he was not.
Q. Then in your opinion he has been causing some fights?
MR. WILSON: Objection.
THE COURT: Sustained.
MR. BLUM: That's all."

Defendant again contends that his right of cross-examination was unduly restricted by the trial judge, and he cites from *Rariden* v. *State* (1961), 242 Ind. 689, 177 N. E. 2d 736, wherein it was stated that cross-examination is an absolute

right, the denial of which is reversible error. As an abstract proposition of law, we could not agree more. However, this statement out of context, was not controlling in *Rariden, supra,* and is of no greater assistance here. The crux of the *Rariden* case, *supra,* was summed up in a quotation from the earlier case of *Blue* v. *State, supra.*

"We further suggest that the trial court in its discretion has wide latitude in permitting cross-examination to test the credibility of a witness by disclosing his general attitude toward the circumstances of the case, his interest, his motives, his prejudices, character and other influences which operate upon the mind, and only clear abuse of such discretion demands reversal. Lincoln v. State (1921), 191 Ind. 426, 133 N. E. 351; Denny v. State (1921), 190 Ind. 76, 129 N. E. 308; . . .; Perfect v. State (1925), 197 Ind. 401, 141 N. E. 52." 224 Ind. at 403.

Defendant urges, but with little apparent conviction and no authority, that the excluded testimony would reflect upon the character of the prosecuting witness as insulting, aggressive and inclined to institute assaults. This proposition assumes that, under the circumstances of this case, the character of the prosecuting witness was relevant, which is a question upon which we do not here intend to indicate an opinion. Assuming, arguendo, it to be relevant, we nevertheless hold that it was not admissible upon cross-examination of this witness, as it was entirely beyond the scope of his direct examination. Although the rule is not to be given such a narrow and restricted application as to deny a full investigation into any phase of the subject gone into upon direct examination, the general rule is that cross-examination should be limited to the subject matter of the witness' examination in chief. *Hicks* v. *State* (1937), 213 Ind. 277, 11 N. E. 2d 171, cert. denied 304 U.S. 564, 58 S. Ct. 951, 82 L. Ed. 1531; *Stillson* v. *State* (1933), 204 Ind. 379, 184 N. E. 260; *Osborn* v. *State* (1905), 164 Ind. 262, 73 N. E. 601; *Boyle* v. *State* (1886), 105 Ind. 469, 5 N. E. 203; *Wood* v.

*State* (1883), 92 Ind. 269; *Eacock* v. *State* (1907), 169 Ind. 488, 82 N. E. 1039.

An additional justification for excluding the offered testimony appears. It is to be noted that counsel was attempting to prove the prosecuting witness' character for peace and quietude by evidence of his reputation. His preliminary question to the witness, Bowman, was: "* * * Have you been able to determine the reputation of the prosecuting witness for peacefulness and quietness and in the neighborhood in which he lives?", to which the witness answered "Just by the runs to his house, a total of two or three." We do not interpret the answer to mean that Officer Bowman had made two or three runs to the house of the prosecuting witness and that in the course thereof had ascertained his reputation for peace and quietude. On the contrary, the answer indicates to us that the officer had made two or three runs to the home of the prosecuting witness but that he knew nothing further about him. It was never shown that he knew the reputation of the prosecuting witness, and whatever might have been his opinion of him could not have been relevant under the circumstances of this case.

Finding no error, the judgment of the trial court is affirmed.

Arterburn, C.J., DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 291 N. E. 2d 559.