MICHAEL DEAN FISCHER *v.* STATE OF INDIANA.

[No. 3-673A66.  Filed June 28, 1974.  Rehearing denied August 1, 1974. Transfer denied November 26, 1974.]

*Harold W. Myers,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen M. Sherman,* Deputy Attorney General, for appellee.

GARRARD, J.—The defendant was convicted of selling a narcotic drug to an informant working with the Fort Wayne Police Department. He was fined $1,000 and sentenced to the custody of the Department of Corrections for a term of not less than five nor more than twenty years.

His appeal asserts (1) entrapment; (2) that no proper foundation was laid for expert testimony that the substance sold was cocaine; (3) that introduction of the substance at trial was error because of a break in the chain of custody; and (4) that it was error for the court to fail to impose sentence under the minor's sentencing act, IC 1971, 35-8-3-1, Ind. Ann. Stat. § 9-1815 (1956 Replacement).

## I—ENTRAPMENT

The marrow of the defense of entrapment may be recapitulated as follows:

It is only where a person has been instigated, induced or lured for the purpose of prosecution, in the commission of a crime which he had no independent intention or desire to commit, that he may be said to have been entrapped. Thus, the distinction between entrapping the unwary innocent and trapping the unwary criminal depends upon an evaluation of the defendant's state of mind. *Sorrells* v. *United States* (1932), 287 U.S. 435; *Minton* v. *State* (1966), 247 Ind. 307, 214 N.E.2d 380.

This determination is ordinarily a question for the trier of fact. *United States* v. *Russell* (1973), 411 U.S. 423, 93 S.Ct. 1637; *Smith* v. *State* (1972), 258 Ind. 415, 281 N.E.2d 803.

However, where the evidence shows a plan devised by law enforcement officers to reveal a criminal violation and the active participation of the officers in the illegal transaction, then the state must also introduce evidence, in rebuttal of the defendant's presumed innocence, from which it may be determined that the defendant was not innocently lured and enticed

to commit the illegal act. *Gray* v. *State* (1967), 249 Ind. 629, 231 N.E.2d 793.

Such evidence may consist of the defendant's reputation to commit the offense charged and may be supplied by reliable hearsay or other evidence showing probable cause. *Walker* v. *State* (1970), 255 Ind. 65, 262 N.E.2d 641.

Here the evidence discloses that the court was justified in determining that the defendant, Fischer, was not entrapped. On February 24, 1972, Ronald D. Harnishfeger, an informant working for the Fort Wayne Police Department, made arrangements with Detectives Roberts and Crapser to make "a buy". The detectives picked up Harnishfeger at his home and took him to the police department vice office where Harnishfeger was strip-searched. The detectives and Harnishfeger then drove in an undercover car to an apartment located at 304 West Berry, Fort Wayne, Indiana. The detectives furnished Harnishfeger with $14.00 to make the buy. While Harnishfeger went into the apartments, Detective Roberts remained in the car and Detective Crapser went around to the rear of the apartment building to watch the rear stairs.

Harnishfeger testified that Jeff Yerrick, David Horstman, and the defendant lived in the apartment. Harnishfeger had arranged to go to the apartment because Horstman had told him earlier in the day that he would have some cocaine to sell that evening. After arriving at the apartment, Harnishfeger went into a bedroom with Horstman, the defendant and one Carla Andrew. Horstman advised Harnishfeger that he didn't have any cocaine, and then the defendant volunteered that he had some cocaine that he could sell. He then pulled a bag out of his pants pocket and gave it to Harnishfeger in exchange for $10.00. Harnishfeger returned to the undercover car, gave Detective Roberts the package he had purchased, picked up Detective Crapser and all three returned to the police department.

We believe these facts alone would support a determination that the defendant was not entrapped. In *Thompson* v. *State* (1972), 259 Ind. 587, 290 N.E.2d 724, our Supreme Court adopted the reasoning that no entrapment exists where the ultimate defendant was solicited not by government agents but by an unwitting third party (who was actually the subject of the officers' solicitation). Here, the uncontradicted evidence that the defendant, without any direct solicitation, but merely upon hearing the solicitation made to Horstman, volunteered to sell a drug he was already carrying upon his person, supports the reasonable inference that he had the independent intent to commit the crime. The contrast between the majority opinion and Mr. Justice Roberts' concurring opinion in *Sorrells* v. *United States, supra,* as recognized and reaffirmed in *United States* v. *Russell, supra,* makes it clear that it is this independence of intent rather than the mere participation of government agents that is the crucial issue.[1]

There was, however, additional evidence that the police had worked with Harnishfeger on ten or twelve previous occasions, that Harnishfeger knew the defendant had been in drugs, that he had reported this to the officers involved and had, in fact, made two marijuana buys from the defendant at the same apartment prior to the night in question. Thus, in any event, there was probable cause supporting the police activity on the night of February 24.

## II—EXPERT TESTIMONY

Defendant's second contention is that the state's witness Davis, a police sergeant assigned to the police laboratory for the preceding nine years, was permitted to testify to his opinion that the substance purchased from defendant contained cocaine when no proper foundation had been laid.

The defendant, on appeal, concedes that the witness was sufficiently qualified as to general expertise but contends that

---

1. Cf. May v. State (1972), 154 Ind. App. 75, 289 N.E.2d 135.

the testimony elicited prior to the statement of his conclusion was inadequate, since it did not detail the testing procedures involved. In summary, after testifying to his background, Sgt. Davis testified that in identifying suspected drug unknowns, as many as seven or eight procedures might be required. In the instant case three separate tests were administered. Upon receipt of the substance he first subjected it to a cobalt thiocyanate test to determine the field or category the exhibit fell into. Next a microcrystalline test was performed, and then after an extraction process he conducted an examination by infrared spectrophotometer. He was then permitted to testify, over objection, that the results of his examination were that the substance contained cocaine.

Ordinarily, whether a witness is qualified to give an opinion as an expert is a matter within the sound discretion of the trial court. *Dougherty* v. *State* (1934), 206 Ind. 678, 191 N.E. 84.

Thus, the better view, and that adhered to in Indiana, is that where the expert is testifying from personal knowledge (rather than hypothetically) and has satisfied the court of his qualifications as an expert,[2] he may state his findings and the factual background goes to the weight rather than the admissibility of the evidence. *Wimsatt* v. *State* (1957), 236 Ind. 286, 139 N.E.2d 903.

Accordingly, in *Jones* v. *State* (1973), 260 Ind. 463, 296 N.E. 2d 407, our Supreme Court held that the testimony of the police lab man that he conducted several tests on the substance

2. An expert's qualification include not only general credentials but also sufficient familiarity with the particular matter before the court that his opinion will be of legitimate value. Thus, in a given case, the court in determining the witness qualified may require some statement of the background facts. This is the position taken by Wigmore and McCormick, i.e. the factual background is relevant to admissibility—as opposed to the weight to be given to the finding—only to the extent that it may be found necessary to establish the knowledge-qualification of the witness. Wigmore on Evidence (3rd Ed.) § 562; McCormick on Evidence (1954 Ed.) pp. 28-30. See, also, Gard: Jones on Evidence (6th Ed.) § 14.20.

involved and concluded that it was heroin was sufficient to sustain a conviction even though he gave no testimony as to the nature or conclusiveness of the tests performed.

Here the witness testified to his background and identified three specific tests performed on the substance purchased from the defendant. The trial judge was satisfied as to his qualifications and the defendant interposed no preliminary questions which cast doubt on that determination. The finding was properly admitted subject to further questioning or evidence regarding the weight it was entitled to receive.

## III—CHAIN OF CUSTODY

Defendant next complains that State's Exhibit #1, the white crystalline substance, was improperly permitted into evidence over objection because the state failed to establish a chain of custody. The contention is without merit. While the evidence showed that a continuity slip failed to show the dated signature of the officer in charge of the property room safe upon the return of the exhibit from the laboratory, all of the officers involved testified. They expressly accounted for the whereabouts of the item from the time of its purchase until its introduction in evidence. Their testimony satisfactorily excluded the possibility of tampering. As stated by the court in *Kolb* v. *State* (1972), 258 Ind. 469, 282 N.E.2d 541, 546:

> "The only real question here is *whether due to the lack of markings* and the accessibility of the bag to others while in the laboratory and the property room *the chain of custody could have been broken to the extent to render proper identification of the bag impossible. We feel it has not. Based on the appellant's statement of whereabouts, we feel that the location of the bag during the days in question has been sufficiently accounted for.* A mere possibility that the evidence could have been tampered with will not make it totally objectionable. Therefore the verdict will not be reversed on the basis of the admissibility of these exhibits." (Emphasis added.)

## IV—SENTENCING

Finally, the defendant urges that the court abused its discretion in failing to utilize the alternative sentencing provisions for minors found in IC 1971, 35-8-3-1, Ind. Ann. Stat. § 9-1815 (1956 Replacement).

In *Lee* v. *State* (1959), 239 Ind. 232, 156 N.E.2d 78, the application of this act was held to be discretionary with the trial court. The same result was reached in interpreting the predecessor act. *Chism* v. *State* (1932), 203 Ind. 241, 179 N.E. 718.

Here, while the motion to correct errors asserts abuse of discretion, neither the motion nor the accompanying memorandum contain any specification indicating the facts or grounds upon which the assertion is based as required by Indiana Rules of Procedure, Trial Rule 59(B). Accordingly, the defendant's assertion presents nothing for appellate review. *Bennett* v. *State* (1973), 159 Ind. App. 59, 304 N.E.2d 827.

There being no error, the judgment of the trial court is affirmed.

Hoffman, C.J., and Lowdermilk, J., concur.

NOTE.—Reported at 312 N.E.2d 904.