PERCY CYRUS *v.* STATE OF INDIANA.

[No. 178S10. Filed October 18, 1978. Rehearing denied December 12, 1978.]

*Harriette Bailey Conn, [Mrs.]*, Public Defender of Indiana, *David P. Freund, Bobby Jay Small, Robert W. Hammerle,* Deputy Public Defenders, for appellant.

*Theodore L. Sendak,* Attorney General, *Michael Gene Worden,* Deputy Attorney General, for appellee.

HUNTER, J.—Percy Cyrus was convicted on two counts: (1) delivery of a controlled substance, and (2) possession of a controlled substance. He was sentenced to eleven years and six years, respectively, for the crimes. Upon appeal to this Court, the defendant raises three issues:

1. Did the trial court err in refusing to give defendant's tendered instructions numbers 1, 2, and 3?

2. Was the evidence sufficient to support the convictions?

3. Did the trial court err in entering judgment and imposing sentence on both counts?

On March 9, 1976, Robert Anderson, an undercover narcotics officer of the Indiana State Police, and Mark Pence, a confidential informant, went to the Swing Bar in Marion, Indiana. Anderson testified that Pence was going to introduce Anderson to people in the drug trade. Anderson and Pence began playing pool. The defendant approached Pence (whom he knew) and said hello to him. Pence then indicated to the defendant that Pence and Anderson were "looking for something for the head"; the defendant stated that he had "some good jive." The defendant told Anderson and Pence to "meet him in a few seconds back in the rest room to consumate [sic] the deal." The defendant, in the rest room, produced two small foil packets and handed them, one at a time, to Pence. The defendant was paid $20. Further conversation related to possible future drug dealings.

## I.

The defendant first argues that the trial court erred in refusing to give the defendant's tendered instructions numbers 1, 2, and 3. The three interrelated instructions addressed the defense of entrapment. The trial judge refused the instructions because "there isn't any evidence that would warrant me giving the instruction[s] as such, so I am not going to give [those] instruction[s]."

Since *Hardin* v. *State*, (1976) 265 Ind. 635, 358 N.E.2d 134, the defense of entrapment has involved a two-part inquiry: (1) did the police officers or their informants initiate or actively participate in the criminal activity; and (2) is there evidence that the accused was predisposed to commit the crime so that the proscribed activity was not solely the idea of the police officials? The defendant posits that because the resolution of the question

of entrapment necessarily demands a factual determination and because the jury is the trier of the facts, the jury should have been instructed upon the entrapment defense.

We disagree. The defendant has directed this Court to the holding in *United States* v. *Hillsman*, (7th Cir. 1975) 522 F.2d 454, 459:

> "A defendant in a criminal case is, of course, entitled to have the jury instructed on any theory of the defense which has some foundation in the evidence, 'even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility.'" (Citations omitted.)

However, it is error for a court to instruct a jury upon matters not in evidence. *McDonald* v. *State*, (1975) 264 Ind. 477, 346 N.E.2d 569. The question becomes then, [2] was there *some foundation in the evidence* for the defense of entrapment?

In this case, evidence was presented regarding (1) police participation in the criminal activity, and (2) the defendant's predisposition to commit the crime. The defendant did not offer any evidence at all. When the state has presented evidence of a predisposition to commit the charged crime, and the defendant has not presented *any* contradictory evidence, an instruction on the defense of entrapment is unnecessary. Such an entrapment instruction would only serve to confuse the jury. Evidence of a predisposition to commit the crime must not be weighed against the presumption of innocence since the former is a factual issue and the latter is a legal issue. Furthermore, the jury must base their decision on evidence presented and not on speculation. *Poindexter* v. *State*, (1978) 268 Ind. 167, 374 N.E.2d 509.

Evidence relating to a predisposition to commit included the following: (1) the defendant approached Pence and Anderson at the pool table; (2) Pence had previously seen the defendant dealing in drugs; (3) the defendant immediately responded that he had "some good jive" when Pence

stated that they were "looking for something for the head"; (4) the defendant initiated the meeting in the rest room to consummate the deal; and (5) the defendant indicated that he would be willing to deal in larger quantities of drugs in the future. No real question of entrapment was even before the jury. The evidence, and all reasonable inferences to be drawn therefrom, fully supported the defendant's predisposition to sell drugs. The trial court did not err in refusing to give the defendant's tendered instructions on entrapment.

## II.

The defendant next argues that there was insufficient evidence offered to support his conviction. We have already discussed the evidence relating to the defendant's predisposition to commit the crime. The evidence in this case is somewhat similar to the evidence presented in *Thomas* v. *State*, (1976) 264 Ind. 410, 413, 345 N.E.2d 835, 837:

"The evidence is clear in this case that the police informant merely provided an opportunity for the Appellant to carry out his natural propensity to commit the crime. The facts do not reveal a scheme which would implant in the mind of an innocent person the disposition to engage in illegal conduct . . . ."

We shall not weigh evidence or judge witness credibility on appeal. *Brown* v. *State*, (1974) 261 Ind. 619, 308 N.E.2d 699. The evidence was clearly sufficient to support the conviction for the delivery of a controlled substance, heroin.

## III.

The defendant's final argument is that the court erred in entering judgment and imposing sentence on both the possession and the delivery counts. This was error. This Court has held that a "sale" necessarily includes "possession." *Thompson* v. *State*, (1972) 259 Ind. 587, 290 N.E.2d 724. Before the trial court may enter judgment and impose sentence upon multiple counts, the facts giving

rise to the various offenses must be independently supportable, separate, and distinct. *Thompson* v. *State, supra.* In this case, the possession and delivery counts stemmed from the same factual basis. Only one delivery took place; the possession charge was only a lesser included offense of the sale charge. Where a sentence is pronounced on both the greater charge and on a lesser included offense of the greater charge, the lesser offense's sentence will be vacated. *Lindsey* v. *State,* (1976) 264 Ind. 198, 341 N.E.2d 505; *Havener* v. *State,* (1955) 234 Ind. 148, 125 N.E.2d 25.

For all of the foregoing reasons, this case is remanded, and the trial court is directed to vacate both the judgment and the sentence for Count II, possession of a controlled substance. The judgment of the trial court on Count I, delivery of a controlled substance, is affirmed.

Givan, C.J., and Pivarnik, J., concur; DeBruler and Prentice, JJ., concur in result.

NOTE.—Reported at 381 N.E.2d 472.