Marvin JOHNSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 778S154.

Supreme Court of Indiana.

April 18, 1979.

John S. Pearce, Smith, Pearce, Barr & Howard, Noblesville, for appellant.

Theodore L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by jury of murder in the first degree and was sentenced to a term of life imprisonment.

Appellant claims the trial court erred in overruling his motion to suppress an oral confession which had been reduced to writing and a cassette recording of that confession. Appellant claims he was read the standard waiver of rights form only once before his confession and that in light of his inebriated condition, was incapable of knowingly and voluntarily waiving those rights. He further relies upon testimony of a psychiatrist that the appellant, immediately after the shooting, would have acquiesced to any demand of the police, including a demand to sign the waiver of rights form.

A confession is admissible only when considering all the circumstances, it was given voluntarily and not as a result of promises, threats, violence or other improper influences. *Ortiz v. State* (1976) 265 Ind. 549, 356 N.E.2d 1188; *Gibson v. State* (1971) 257 Ind. 23, 271 N.E.2d 706. Testimony presented at the suppression hearing indicates that on December 29, 1976, the appellant entered the police station, stated that he had shot the decedent and asked to speak to a police officer. An officer read appellant a standard waiver of rights form, which appellant signed. The officer told the appellant that he was to sign the form only if he wanted and that everything said would be used against him at trial. Appellant was also informed that he could have an attorney. Appellant stated that he understood his rights and signed the waiver form. He then made a statement admitting to the murder of the decedent and drew a map to aid the police in finding the decedent's home. The officer testified that the appellant did not appear to be drunk at the time of his statement. The police then went to the decedent's home. After finding the decedent's body, they ordered the appellant's arrest.

An officer informed the appellant that he was under arrest and asked him if he wanted to give another statement. The appellant answered in the affirmative and asked the police officer to write the statement down for him since he could not write well. After making the statement, the officer read it back to the appellant and the appellant signed it. Later that morning the police informed the appellant that they were going to tape his confession. They asked him if he felt hungry or tired. Appellant stated that he was tired and was told to get some sleep. He stated however that he was ready to make a statement at that time. Appellant stated that he did not want an attorney and was fully advised of his rights before the recorder was turned on. This testimony supports the finding that the appellant had been fully advised of his rights and that the police at no time attempted to trick or coerce the confession from him. The trial court properly found the confession to be voluntary and admissible at trial.

Appellant next argues the trial court erred in refusing to give his tendered instructions numbered 3, 4 and 5. A trial court commits no error when it refuses to give a tendered instruction which incorrectly states law or which is adequately covered by other instructions given by the court. *Toliver v. State* (1978) Ind., 372 N.E.2d 452. Instructions should be read as a whole. The impact of the entire charge should be considered in determining reversible error. *Carter v. State* (1977) 266 Ind. 196, 361 N.E.2d 1208. Appellant's tendered instructions dealt with the legal effect of diminished capacity upon the ability to form a specific intent to commit murder. Appellant maintains that these tendered instructions were necessary, in that he had plead a defense of insanity. The court, however, instructed the jury on the issue of insanity. It further instructed the jury on the legal effect of diminished capacity and the necessity of finding specific intent beyond a reasonable doubt. The substance of appellant's tendered instructions was adequately covered by the instructions given by the trial court. No error was committed in their rejection.

Appellant next challenges the sufficiency of the evidence on the element of premeditated malice. He argues that when a confession is improperly admitted at trial, the conviction must be reversed unless there is sufficient evidence on the record,

1330

apart from the confession, to sustain the verdict. We have determined however that the confession was properly admitted by the trial court. Other evidence at trial indicates that on the night of the shooting the appellant was at the decedent's home. Appellant went into the bedroom and returned to the living room with a shotgun and some shells. He placed one of the shells into the gun and pointed it at the decedent. The decedent said, "No, you won't shoot me," at which time the appellant pulled the trigger and shot the decedent. We hold that the confession, when read together with the other evidence presented at trial, clearly sustains the jury's verdict.

Appellant finally alleges the cumulative impact of all alleged errors denied him due process of law. Having found no reversible error in this record, we likewise find no cumulative impact of the alleged errors.

The trial court is in all things affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.