Michael HARRINGTON, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 2–878A284.

Court of Appeals of Indiana, Second District.

Dec. 15, 1980.
Rehearing Denied Jan. 14, 1981.

Stanley S. Brown, Lafayette, for appellant.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Defendant Michael Harrington appeals his conviction on four counts of Unlawful Dealing in a Controlled Substance. He alleges several errors. Because we reverse on the basis of two instructions concerning the defense of entrapment, we address only that issue and those matters which are likely to arise upon retrial.

I.

Harrington presented no evidence. Any evidence of entrapment must then be found within the testimony of the police officer and the female informant involved. Both stated that they had gone to Harrington's garage on August 29, September 5, September 12, and September 19, 1975. The first and third times the informant asked Defendant if he had any "speed", an amphetamine, Harrington said yes. The second time a purchase took place at Harrington's trailer. The fourth time, Defendant said that he had none and told them to return later. Subsequently a purchase was made. In each instance Harrington gave amphetamine capsules to the police officer and was paid by the officer.

On cross-examination the informant testified that Defendant had never mentioned selling amphetamines, that she had never seen him sell to anyone else, that he would not sell the drugs at first, and that she did not think he would have sold the drugs to the police officer if she had not been a close friend. The informant and the officer stated that she was paid twenty-five dollars per transaction. The State then introduced a written statement by the informant indicating that she had bought drugs from Harrington more than twenty times. On re-cross she said she had purchased drugs from Defendant a few times, but not as many as twenty.

A defendant is entitled to an instruction on any defense which has some foundation in the evidence, even if the evidence is weak and inconsistent. *United States v. Hillsman* (7th Cir. 1975) 522 F.2d 454, 459, *cert. denied*, 423 U.S. 1035, 96 S.Ct. 570, 46 L.Ed.2d 410, *see Cyrus v. State* (1978) 269 Ind. 461, 464, 381 N.E.2d 472, 474, *cert. denied*, (1979) 441 U.S. 935, 99 S.Ct. 2058, 60 L.Ed.2d 664. Obviously, the instruction to which a defendant is entitled must be a correct statement of the law.

Harrington objected to the following instruction:

"If the defendant raises evidence that he was persuaded or induced by a public officer or employee to sell drugs and that such inducement was of such nature that normal law-abiding citizens would have been persuaded, then he has raised the defense of entrapment. You must determine whether there was such persuasion as would entrap an innocent person.

Even if this defense is raised by the evidence, the State may nevertheless prove that this defendant had the criminal intent to sell drugs. A person is entrapped where the State implants into an innocent mind the criminal intent to sell drugs. However, a person is not entrapped if he was predisposed to deliver drugs and if delivering drugs was not solely the idea of the police. It is not entrapment for the police to purchase drugs from a person who is ready and willing to sell and where the State merely affords him an opportunity to sell."

The instruction set out above was taken from the Comments to the then-proposed

Indiana Penal Code quoted in *Hardin v. State* (1976) 265 Ind. 635, 639, 358 N.E.2d 134, 136: " '[T]he defendant *will raise the issue* of entrapment through some evidence showing his conduct was induced by a public officer or employee and that inducement was of such nature that normal law–abiding citizens would have been persuaded to commit the offense.' " (Emphasis supplied.) The Comments continue: "The burden is then upon the state to demonstrate beyond a reasonable doubt that the defendant was predisposed to commit the offense." Annot., I.C. 35–41–3–9 (West Code Ed. 1978).

In *Hardin* the Supreme Court stated:
"*When the question of entrapment is raised*, the court must make a two–part inquiry: (1) Did police officers or their informants initiate and actively participate in the criminal activity; and (2) is there evidence that the accused was predisposed to commit the crime so that the proscribed activity was not solely the idea of police officials?" 265 Ind. at 639, 358 N.E.2d at 136 (citing *Gray v. State* (1967) 249 Ind. 629, 231 N.E.2d 793) (emphasis supplied).

To give effect to the literal language of the Comments is to make the raising of the defense more difficult than proof of the defense. If the defendant establishes police inducement, whether by direct involvement of officers or by participation of paid informants, and the State fails to prove predisposition, the defendant is entitled to an acquittal. *See Hardin v. State, supra*, 358 N.E.2d 134; *Fischer v. State* (3d Dist. 1974) 160 Ind.App. 641, 312 N.E.2d 904. That is the total extent of the proof requirement for establishment of the defense.

We have found no cases which require an inducement of such nature that a "normal law–abiding citizen" would have been persuaded to commit the crime. Some cases have referred to police implanting criminal design in an "otherwise innocent mind". *E. g., United States v. Russell* (1973) 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366. That language, however, is different from "nor-

mal law–abiding citizen" and relates to the lack of predisposition, not the nature of the inducement.

Case law indicates that an entrapment defense is raised by a showing of police involvement. *E. g., Hardin v. State, supra; Fischer v. State, supra.* The efficacy of the defense is determined by whether the defendant was induced to commit the crime by police activity or whether he was already predisposed to do so. *Walker v. State* (1970) 255 Ind. 65, 262 N.E.2d 135, *overruled in part on other grounds, Hardin v. State, supra;* see *May v. State* (3d Dist. 1972) 154 Ind.App. 75, 289 N.E.2d 135; *Ervin v. State* (3d Dist. 1972) 154 Ind.App. 89, 289 N.E.2d 131. This determination is based upon the defendant's state of mind. *Davila v. State* (3d Dist. 1977) Ind.App., 360 N.E.2d 283, 286. If the criminal design was implanted in Harrington's mind by the police informant, he was entrapped. If the design originated in his own mind, he was not. *May v. State, supra.*

Furthermore, if a defendant has not raised the issue of entrapment, he is not entitled to an instruction on that defense. *See Cyrus v. State, supra,* 265 Ind. 461, 381 N.E.2d 472. Thus, the determination of whether the defense was raised is within the province of the trial court, not the jury.

The State's instruction was not an accurate statement of the law as it concerns the raising of the defense, and as such, was erroneous.

Harrington offered the following instruction which was given by the trial court:
"It is the duty of conscientious and efficient law enforcement officers to make efforts to catch persons engaged in illegal activity; however, law enforcement officers may not incite or create crime for the sole purpose of punishing individuals. The idea must not be planted in the mind of the defendant by a law enforcement officer to violate the law. The idea must already be there and the law enforcement officer merely reveal it

by his strategy. There must be, in such instances, evidence which will rebut that the illegal transaction was induced solely by the plan of the law enforcement officer since the burden of proof is on the State and does not shift to the defendant. The evidence must show that the illegal transaction was actually that of the defendant and not that of the law enforcement officials or informer who was acting at the instigation of the law enforcement officials. The criminal design must originate in the mind of the defendant."

Defendant's entrapment instruction is an adequate statement of the law as indicated by the discussion above.

■ Although jury instructions must be read as a whole, an erroneous instruction is not cured by a correct one. *Mundy v. State* (1966) 247 Ind. 224, 214 N.E.2d 389. A conviction must be reversed if instructions are inconsistent and calculated to mislead the jury or leave it in doubt as to the law. *Brewer v. State* (1969) 253 Ind. 154, 252 N.E.2d 429. Reversal is required if the jury's decision may have been based upon an erroneous instruction. *Summers v. Weyer* (1967) 141 Ind.App. 176, 226 N.E.2d 904, *transfer denied*, Oct. 31, 1967. In light of the above and the fact that the jury requested re–reading of the entrapment instructions, we cannot say that Harrington was not harmed by the error.

We now turn to those appellate issues likely to arise upon retrial.

## II.

■ Harrington argues that the four count indictment was defective because it was signed by a special prosecutor without authority. Harrington's arguments are identical to those advanced by the defendant in *King v. State* (2d Dist. 1979) Ind. App., 397 N.E.2d 1260, 1264–68. For the reasons stated in *King*, we hold that the special prosecutor had the required authority, and, thus, the indictment was not defective.

## III.

Because the admissibility of certain evidence is likely to be questioned upon retrial, we deem it advisable to address that issue also.

At trial Harrington unsuccessfully tried to question the informant about an intimate relationship between her and the undercover officer. Evidence relating to drug use by the officer was also excluded.

■ We will first consider the admissibility of evidence concerning the relationship. Specific acts, other than those represented by convictions for certain crimes, cannot be used to impeach a witness' general moral character. *Hensley v. State* (1971) 256 Ind. 258, 268 N.E.2d 90. Prior misconduct, however, can be admitted to show bias. *See United States v. Harris* (7th Cir. 1976) 542 F.2d 1283, 1302.

Evidence of an intimate relationship between a witness and one other than a party is often excluded, but full disclosure is the better rule. 3A J.H. Wigmore, *Evidence in Trials at Common Law* § 949 & n.3 (1970). The Indiana Supreme Court has held that a witness' feelings about other witnesses is a proper subject for cross–examination. *Pickett v. Kolb* (1968) 250 Ind. 449, 237 N.E.2d 105.

■ Nevertheless, a defendant does not have license to discredit a State's witness through baseless questioning and innuendo. Limitation of cross–examination is still within the discretion of the trial court. *Brooks v. State* (1973) 259 Ind. 678, 680, 291 N.E.2d 559, 560.

■ Furthermore, we agree with the Seventh Circuit's statement: "We do not find that a sexual relationship will per se give rise to bias, either favorable or unfavorable." *United States v. Harris, supra,* 542 F.2d at 1302. As stated in *Clark v. State* (1976) 264 Ind. 524, 534, 348 N.E.2d 27, 34, *cert. denied,* (1978) 439 U.S. 1050, 99 S.Ct. 731, 58 L.Ed.2d 711: "[I]n order to legitimate a subject matter for cross examination for bias, the questioning party . . . [must show] that there exists a reasonable degree of probability that the witness is

biased or prejudiced because of this evidence."

Based on the record before us, we cannot say whether the evidence is or is not admissible. We merely offer our observations as guidance for the trial court.

At trial Defendant made an offer to prove indicating that, if called, two witnesses would have testified that the police officer had on one occasion ingested two capsules which contained amphetamine.

Harrington contends that the State opened the door to such evidence by eliciting testimony from the officer that he simulated smoking marijuana during one of the transactions with Defendant, and that the proffered evidence of actual drug use would have reflected adversely on the officer's claim that he had only simulated marijuana use on this occasion.

In this case the subject matter of the involved testimony was clearly collateral to the matters in issue and its rejection was not improper. *Bryant v. State* (1973) 261 Ind. 172, 181, 301 N.E.2d 179, 184; *Keel v. State* (3d Dist. 1975) 165 Ind.App. 579, 588, 333 N.E.2d 328, 333.

The judgment of the trial court is reversed, and this case is remanded for a new trial.

SHIELDS, J., concurs.

BUCHANAN, C. J., dissents and files separate opinion.

BUCHANAN, Chief Judge, dissenting.

In my opinion, the state's instruction truly reflects Indiana law as to the raising of the entrapment defense. My authority for so concluding is *Hardin v. State* (1976), 265 Ind. 635, 358 N.E.2d 134, in which the Indiana Supreme Court discussed the defense of entrapment under the Indiana Penal Code,[1] quoting the following language of the drafters:

"Under [the section covering the entrapment defense] the defendant will raise the issue through some evidence showing his conduct was induced by a public officer or employee *and that inducement was of such nature that normal law–abiding citizens would have been persuaded to commit the offense."*

*Id.* at 639, 358 N.E.2d at 136 (quoting Indiana Penal Code, Proposed Final Draft, 1974) (emphasis supplied).

The state's instruction, with emphasis placed upon that portion which the majority finds erroneous, states:

If the defendant raises evidence that he was persuaded or induced by a public officer or employee to sell drugs *and that such inducement was of such nature that normal law–abiding citizens would have been persuaded,* then he has raised the defense of entrapment. You must determine whether there was such persuasion as would entrap an innocent person.

The state cited *Hardin* at the foot of the page on which the instruction appears. Indeed, comparison confirms that the instruction was patterned after the above–quoted language of *Hardin.* To date, the Indiana Supreme Court has not overruled *Hardin.*

It is true that a few pre–*Hardin* decisions may be construed as indicating that the entrapment defense is raised by a showing of police participation. *See, e. g., Gray v. State* (1967), 249 Ind. 629, 231 N.E.2d 793; *Fischer v. State* (1974), 160 Ind.App. 641, 312 N.E.2d 904 (citing *Gray, supra*). However, any contention that demonstrating police involvement is the exclusive or even the standard method for raising the entrapment defense is unsupported by our case law, and *Cyrus v. State* (1978), 269 Ind. 461, 381 N.E.2d 472, *cert. denied,* 441 U.S. 935, is not to the contrary.

In *Cyrus,* our supreme court said that

[s]ince *Hardin v. State* [265 Ind. 635, 358 N.E.2d 134], ... the defense of entrapment has involved a two–part inquiry: (1) did the police officers or their informant initiate or actively participate

---

1. The Code went into effect some six months after the supreme court handed down its decision in *Hardin.*

in the criminal activity; and (2) is there evidence that the accused was predisposed to commit the crime so that the proscribed activity was not solely the idea of the police officials?

*Id.* at 463, 381 N.E.2d at 473.

A close examination of *Hardin* reveals that the two–pronged inquiry referred to in *Cyrus* is to be conducted only *after* the entrapment defense has been properly raised. Thus, the *Cyrus* line of cases focuses on *proving* the entrapment defense, not *raising* it. *See, e. g., Stewart v. State* (1979), Ind., 390 N.E.2d 1018; *Hutcherson v. State* (1978), Ind., 380 N.E.2d 1219; *Couch v. State* (1980), Ind.App., 402 N.E.2d 10.

So Indiana case law neither proscribes the language of the instruction nor supports the view that a proper instruction must refer only to police involvement and must not mention the nature of the inducement. Moreover, the trial court gave several instructions emphasizing to the jurors that they must determine whether the defendant himself was entrapped. Defendant's instruction 2, quoted in full by the majority, explicitly mentioned the defendant, as did defendant's instruction 5, which specified that

> [i]f, after consideration of all the evidence, you have reasonable doubt regarding whether the Defendant was entrapped with respect to a criminal offense or offenses, you must find the Defendant not guilty of that offense or offenses.

In another instruction, the court directed the jurors, in accordance with a well–established rule of law, to "consider these instructions as a whole and construe them in harmony with each other." *See, e. g., Porter v. State* (1979), Ind., 391 N.E.2d 801; *Johnson v. State* (1979), Ind., 387 N.E.2d 1328. Viewing the instructions as a whole, the reference to the inducement was at worst an inconsequential inaccuracy casting a barely perceptible shadow on the proceedings.