Frederick E. MELLOTT, Appellant
(Defendant below)

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 885S312.

Supreme Court of Indiana.

Aug. 18, 1986.

Fredrick J. Hartz, LaGrange, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Frederick E. Mellott was convicted at the conclusion of a jury trial in the LaGrange Circuit Court of attempted voluntary manslaughter, a class B felony. He was sentenced to seventeen (17) years and fined $10,000 plus court costs. The trial court suspended $9,900 of the fine on the condition that Appellant pay restitution to the victim in the amount of $405 within ten years of sentencing, and pay La Grange County within nine years for all reasonable and necessary medical services furnished to Appellant and for court costs. On direct appeal the following issues are raised for our consideration:

1. sufficiency of evidence;

2. jury instructions; and

3. sentencing.

At 11:30 p.m. on January 15, 1984, Larry Warstler was awakened by the sounds of someone in his back yard. Warstler looked out and saw Appellant on the steps of his garage, inside the chain link fence which surrounded Warstler's property. He watched, as Appellant, carrying a rifle, went in and out of the garage numerous times, turning the lights on and off. Appellant opened the storm door to Warstler's house several times and jiggled the door handle. He did not call out. Appellant then sat on the steps and rested the gun across his legs. While Appellant entered the garage again, Warstler sent his oldest daughter to a neighbor's house to call the police, and he, himself, took a rifle and went outside. Appellant exited the garage and confronted Warstler, who told Appellant to stop and drop his gun. Appellant refused the order, did not speak, and fired his gun at Warstler, missing by about eight inches. Warstler fired his gun and struck Appellant's arm. Appellant then fled.

I

■ Appellant maintains there is insufficient evidence to support the conviction. He specifically argues there was no direct evidence of intent, and that the only evidence presented was circumstantial. Appellant recites the facts favorably to his case and concludes that such does not amount to "substantial" evidence of guilt.

Our oft-repeated standard of review on these issues precludes us from reweighing the evidence or judging the credibility of witnesses. To do so would invade the province of the jury. Instead, we look to the evidence most favorable to the jury's verdict and all reasonable inferences therefrom. If we find a substantial body of probative evidence, we will not disturb the verdict. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. The above-stated facts are sufficient to support the conviction in this case. We have further held that circumstantial evidence, alone, is sufficient to support a conviction. *Correll v. State* (1985), Ind., 486 N.E.2d 497, 500.

II

Appellant contends the trial court erred by refusing to give Preliminary Instruction No. 8 as a final instruction also. Preliminary Instruction No. 8 dealt with self-defense, one of Appellant's main defenses. The trial court refused to reissue the instruction because it already had been given as a preliminary instruction.

■ Appellant repeatedly argues the court refused to instruct the jury on self-defense. This argument incorrectly states the facts to a critical degree. More accurately, the court refused to give a *final* instruction on the defense, specifically because one such instruction *had already been given*. It is not error to refuse an instruction where the subject matter is covered by another instruction. *Vincent v. State* (1986), Ind., 489 N.E.2d 49, 52. Preliminary Instruction No. 8 was identical to the refused instruction, thus, we find no error. *Woolston v. State* (1983), Ind., 453 N.E.2d 965, 969, *reh. denied* (1983).

Appellant also argues the trial court erred in refusing to give his tendered instruction on attempted battery as a lesser included offense. He maintains attempted battery is inherently included in the elements of attempted murder and attempted

voluntary manslaughter, and the jury should have been so instructed.

■ As with the tendered instruction on self-defense, Appellant has waived the present issue by failing to comply with Ind.R.App.P. 8.3(A)(7) and failing to set out the instruction verbatim in the argument section of the brief. Furthermore, the court's Final Instruction No. 9 addresses the crime of attempted battery, distinguishes it from attempted murder, gives the statutory definition, and sets forth the elements needed to be proven. This instruction is identical to Appellant's tendered instruction. We therefore fail to see any merit in Appellant's argument that his tendered instruction was refused or that he was thereby prejudiced.

### III

Finally, Appellant alleges the trial court erred in the sentence imposed. He first argues the sentence was excessive and that the sentencing court failed to recognize certain mitigating factors. Appellant was convicted of a class B felony and was sentenced to seventeen (17) years, which represents a seven (7) year enhancement of the presumptive sentence.

■ We will not revise a sentence authorized by statute unless such sentence is manifestly unreasonable in light of the nature of the offense and character of the offender. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for whom such sentence was imposed. *Freed v. State* (1985), Ind., 480 N.E.2d 929, 931; Ind.R.App.Rev.Sen. 2. Our sentencing statute, Ind.Code § 35-38-1-7(a), lists certain criteria which must be considered by the court when imposing sentence. Appellant does not argue that the court failed to consider these factors. Subsections (b) and (c) of our statute then mention aggravating and mitigating circumstances which the court *may* consider. Whether or not to consider these factors, and the weight to be given them, is a discretionary decision on the part of the sentencing court. Appel-

lant's allegation of error is that the court failed to consider certain factors which should have been considered. The court had discretion to consider any of the aggravating or mitigating factors it chose to consider. The court did so and properly supported its reasons for aggravating the sentence.

Appellant's last allegation of error concerns the fact that the sentencing court fined him $10,000, but suspended $9,900 on the condition he pay restitution to the victim in the amount of $405 within ten years, and pay LaGrange County within nine years for all medical services rendered Appellant and for court costs. Appellant argues the sentencing court did not consider his ability to make restitution, and that the court did not have authority to order him to pay for his own medical bills.

■ First, it is noteworthy that the sentencing court did not fine Appellant the cost of medical services rendered him. He was fined $10,000. Without question the court had authority to do so. Ind.Code § 35-50-2-5 (Burns 1985). *As an alternative*, Appellant was offered the chance, instead of paying $10,000, to pay his own medical expenses and restitution to the victim for property damage. Appellant and his attorney both even offered to make such payments. We fail to see any error in the court offering Appellant a more attractive penalty.

■ Finally, Appellant argues the court did not consider his inability to pay the restitution. Even if this were true, we fail to see how it prejudices Appellant. He does not allege any prejudice. Appellant was given ten years to pay the victim, and nine years to pay the county. Although he is now destitute, this situation could very well change in the next ten years. If at that time he still is unable to pay, there are statutory provisions which will apply. Appellant has failed to show any prejudice by the court's actions, or even that those actions were improper. His only citation of authority is *Smith v. State* (1984), Ind. App., 471 N.E.2d 1245, which is distin-

guished because there the court suspended the entire sentence on the condition that the defendant pay restitution.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, J., concur.

DICKSON, J., dissents with opinion in which SHEPARD, J., concurs.

DICKSON, Justice, dissenting.

The majority opinion condones the trial court's refusal to include, as a final instruction, its preliminary instruction regarding one of the defendant's key issues, self defense. I disagree.

A defendant is entitled to an instruction on any defense which has some foundation in the evidence. *Warren v. State* (1984), Ind., 470 N.E.2d 342; *Harrington v. State* (1980), Ind., 413 N.E.2d 622; *Cyrus v. State* (1978), 269 Ind. 461, 464, 381 N.E.2d 472, 474, *cert. denied* (1979), 441 U.S. 935, 99 S.Ct. 2058, 60 L.Ed.2d 664.

Ind.Code § 35–37–2–2 prescribes the proper sequence of events to be followed in a criminal trial. It provides that following conclusion of the evidence and presentation of any argument of counsel, "[t]he court shall *then* charge the jury." (Emphasis supplied) I.C. § 35–37–2–2(5). The statutory provision includes the following:

> In charging the jury, the court must state to them all matters of law which are necessary for their information in giving their verdict.

Thus, it is necessary that all proper instructions in any given case be given to the jury following argument of counsel, and before they retire to deliberate.

The wisdom and importance of this procedure is underscored by the necessary procedure to be followed when a jury, during deliberations, indicates it has a problem concerning an issue of law. We have recommended that the trial court reread all instructions without further comment. *Lewis v. State* (1981), Ind., 424 N.E.2d 107; *Wallace v. State* (1981), Ind., 426 N.E.2d 34; *Cameron v. State* (1979), 270 Ind. 185,

383 N.E.2d 1039. This is important because of the need for the jury to hear all instructions at the same time, so that none receive undo emphasis, and so that none are forgotten while the jurors may be focusing on a single specific issue. Instructions given to the jury should be considered and construed as an entirety. *Bowers v. State* (1925), 196 Ind. 4, 146 N.E. 818.

In *Brannum v. State* (1977), 267 Ind. 51, 366 N.E.2d 1180, this Court reversed a murder conviction because the trial judge gave an additional special instruction to the jury in the middle of their deliberations. Writing for the majority, Justice Pivarnik noted that the giving of this special instruction:

> emphasized this provision as one of primary importance to the jury, and tended to tell them what they ought to do. It is fundamental that a court should not, by an instruction, cast suspicion on any defense or evidence offered. [Citations omitted.]

267 Ind. at 59, 366 N.E.2d at 11. These same factors apply with equal force of logic when a crucial instruction is omitted from the body of final instructions given to guide the jury's deliberations. A proper subject for final instructions cannot be merely relegated to the preliminary instructions.

For these reasons I respectfully dissent from the majority.

SHEPARD, J., concurs.