**Ron VOIROL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 2–580A135.**

Court of Appeals of Indiana, Fourth District.

Nov. 26, 1980.

Rehearing Denied Jan. 23, 1981.

Howard S. Grimm, Jr. and John F. Surbeck, Jr., Grimm & Grimm, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

Appellant–defendant Ron Voirol was convicted of delivery of a controlled substance. His appeal urges that he was entrapped as a matter of law (insufficient evidence of predisposition) and that the trial court erred in instructing the jury. Because we reverse, we reach only the first of these issues.

Indiana has in effect a statute codifying the common law of entrapment. Ind.Code 35–41–3–9 provides

(a) It is a defense that:

(1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and

(2) the person was not predisposed to commit the offense.

(b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment.

When there is evidence that a police officer or his agent has participated in the buying of a controlled substance the State must present evidence showing the accused's predisposition to commit the criminal act in order to show that the act was not solely the idea of the police. The accused cannot rely on the defense of entrapment if the police merely afford him the opportunity to commit the crime. *Silva v. State*, (1980) Ind.App., 410 N.E.2d 1342 (1980). The question of predisposition is one of subjective intent and is for the trier of fact. *Stewart v. State*, (1979) Ind., 390 N.E.2d 1018; *Silva v. State, supra; Stayton v. State*, (1980) Ind.App., 400 N.E.2d 784. When reviewing the sufficiency of the evidence to support a finding of predisposition, the standard of review is the same as that for any other sufficiency claim. *Silva, supra*. We will neither weigh the evidence nor judge the credibility of the witnesses. Rather we look to the evidence most favorable to the judgment, together with all reasonable and logical inferences to be drawn therefrom. If there is evidence of probative value to support the conclusion of the trier of fact, the conviction will not be set aside.

There is no question here but that a police officer participated in the purchase of a controlled substance. Therefore, the predisposition issue is the central issue of the case. Voirol, after discussing the participation of the police officer, argues regarding predisposition as follows:

The State produced no evidence of any prior conviction or any prior dealing or trafficking on the part of Voirol.

There being no evidence of any predisposition to commit the crime alleged on the part of Voirol, the conviction herein requires reversal.

Appellant's brief, p. 12. The State argues on appeal that there was sufficient evidence to find predisposition. They contend that circumstantial evidence is sufficient to establish predisposition and that several circumstances are present in this case.

■ Circumstantial evidence may be sufficient to establish predisposition. *Stayton v. State, supra*. Circumstances which have been held germane to inferring predisposition are many. Evidence of events at the time of sale alone may be sufficient. *Silva v. State, supra*. Evidence of defendant's ability to obtain a supply in a few minutes, several different schemes to accomplish the sale, multiple sales to officers and a larger supply of contraband than had been requested are circumstances which have been held sufficient. *Hutcherson v. State*, (1978) Ind., 380 N.E.2d 1219. Also, possession of a large supply has been held to be a circumstance which will support an inference of intent. *Payne v. State*, (1976) 168 Ind.App. 394, 343 N.E.2d 325, 338 (concurring opinion of Garrard, J. in which Hoffman, J. also concurs). Knowledge of prices and sources of supply in the criminal market, possession of apparatus for manufacture, conduct evincing a willingness to engage in future transactions and an eagerness in the present sale are circumstances relevant to defendant's subjective intent. *Payne v. State, supra*. Evidence of prior sales is relevant in determining intent. *Whitham v. State*, (1977) Ind.App., 362 N.E.2d 486.

In our case the evidence reveals that an Indiana State Police detective was working undercover in the Decatur, Indiana Adams County area. He had been in the vicinity about two weeks. On the particular occasion in question, the detective was seated in the passenger seat of his informant's car when defendant pulled his car alongside. This was the first time the detective had ever seen defendant. The informant asked defendant if he had any drugs in his posses-

sion. Defendant answered that he did. The detective asked if defendant would take $2 each for 50 hits. Defendant responded that he did not know whether he had 50, but he would take $2 each for what he had. At the informant's suggestion they moved over behind a gas station because there was a lot of traffic on the street. The detective left the informant's car and went to the defendant's car where the tablets were being counted. After consummation of the transaction, the detective asked defendant if he had any left. Defendant said he had eleven tablets left. Defendant admits the above facts and seeks to avoid his conviction by defending on the basis of entrapment. He does not recall the exact conversation concerning the tablets possessed prior to sale. He also provided the following evidence for consideration at trial. The person with the detective acting as his informant was a "friend" of defendant, Mick Smith. Smith had called defendant seven or eight times in the past week or ten days continually requesting defendant to procure drugs for him. Defendant finally agreed to obtain the drugs for Smith in order to end the calls. Defendant obtained the 50 to 60 "hits" requested by Smith from Greg Elzey and brought them to Smith.

■ With our standard of review in mind, we believe the evidence does not support a reasonable inference of guilt. Without considering for the moment the circumstances of the sale, the State produced no evidence which would support a reasonable inference of predisposition once the defense of entrapment had been raised. On appeal the State argues that the possession of a *large* quantity and access to a *large* quantity permit inferences of predisposition. We disagree. The inference permitted from possession of or access to a *large* quantity depends upon a relative determination or comparison;[1] the trier of fact must have some basis from which to determine a particular quantity is large. We surmise that a quantity permitting an inference of pre-

disposition to sell would be such a quantity that could not be personally consumed or utilized and therefore of necessity available for delivery or sale. *Cf. Payne v. State, supra* at 338. No evidence was presented as to the quality or strength of the tablets from which the relative determination of largeness of supply may be made.

■ Nor do the circumstances of sale support an inference of predisposition. There is no evidence defendant was "willing and eager" to sell the drugs as the State argues. Nor is there evidence of defendant's "propensity to traffic" in illegal drugs in the record as the State argues. The fact that defendant sold to a person he had never seen before does not support an inference of eagerness or propensity. Otherwise any time one has been entrapped and a sale has occurred, the fact of sale would show a propensity or a predisposition. The officer, once the parties moved to where the deal would take place, left the informant's car and proceeded to enter defendant's car. Because defendant had already in the presence of the informant and officer said he had possession and would make the sale, the inference of eagerness or propensity cannot reasonably be made from these circumstances.

■ For these reasons we do not believe the State proved intent beyond a reasonable doubt once defendant raised the entrapment defense. The evidence was thus insufficient.

Reversed.

CHIPMAN and MILLER, JJ., concur.

---

1. The Indiana Supreme Court in *Hutcherson v. State*, (1978) Ind., 380 N.E.2d 1219 in discussing the quantity sufficient to support an inference of predisposition spoke in terms of a

"larger supply than requested." Here the only evidence of the quantity requested was presented by the defendant and was that 50 to 60 tablets had been requested.