**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**Ronald WHITE, Appellee (Defendant Below).**

No. 3–483A113.

Court of Appeals of Indiana, Third District.

Sept. 22, 1983.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Charles T. Clifford, Valparaiso, for appellee.

HOFFMAN, Presiding Judge.

This is an appeal by the State of Indiana pursuant to Ind.Code § 35–1–47–2(3) (Burns 1979 Repl.) from the granting of Ronald White's motion to correct errors following a bench trial in which he was convicted of dealing in marijuana. The single issue presented by the State is whether the trial court erred in granting White's motion to correct errors and in finding that he did not have the requisite predisposition to commit the crime.

On June 16, 1980, White was charged by information with the crime of dealing in marijuana. Arraignment was set for July 10, 1980, but White failed to appear on that date and arraignment was reset for July 17, 1980. On that date White again failed to appear, but did appear on July 24, 1980, and the arraignment was continued until July 31, 1980, at which time he entered a plea of not guilty.

The omnibus hearing was continued several times and, at the request of the State, the cause was set for a jury trial on November 25, 1980. On October 29, 1980, White petitioned for appointment of pauper counsel and the request was granted. The omnibus hearing was held on January 26, 1981, and the cause was finally set for a bench trial which was held on March 26, 1981.

The trial court entered judgment on May 5, 1981, and found White guilty. On September 21, 1981, White received a two-year sentence which was suspended and he was placed on probation for one year. On November 3, 1981, the State filed a motion to correct errors challenging the sentence given, due to the fact that White had a prior unrelated felony conviction. The trial court granted the State's motion to correct errors and re-sentenced White to an executed two-year period on April 23, 1982.

White filed his motion to correct errors on June 18, 1982, and finally, on March 10, 1983, the State requested the trial court to rule on the motion. The next day, the trial court granted White's motion to correct errors and on March 17, 1983, entered the following judgment:

"The Court having heretofore on March 11, 1983, granted defendant's Motion to Correct Errors, now finds as follows: "The defendant, Ronnie White, in this cause, raised the issue of entrapment. This issue having been raised, the burden of proving predisposition beyond a reasonable doubt, was on the State of Indiana. The only testimony on predisposition was given by the State's only witness, David Reynolds. A review of the testimony given by said David Reynolds, absent objectionable hearsay, contained no evidence that he knew or had any contact with the defendant, Ronnie L. White, prior to his hoing [sic] to the defendant's trailer with the informant. The State totally failed to produce evidence of probative value from which the Court could infer that the defendant, Ronnie White, possessed the necessary subjective intent to commit the crime with which he was charged.

"The Court now finds the defendant, Ronnie White, not guilty and the defendant is now totally discharged.

"ALL OF WHICH IS ORDERED AND DECREED by the Court this 17th day of March, 1983.

> /s/ Bruce W. Douglas, Judge
> Porter Superior Court"

■ The State first argues that White's motion to correct errors was not timely filed and therefore, the trial court had no jurisdiction to entertain the motion. While White's motion to correct errors was not filed within sixty days of the original sentencing, it was filed within sixty days of the re-sentencing and thus, it was timely. Ind. Rules of Procedure, Criminal Rule 16; *Fancher v. State*, (1982) Ind., 436 N.E.2d 311.

In granting White's motion to correct errors, the trial court concluded, nearly two years after it had first found White guilty, that there was no evidence of predisposition to overcome the defense of entrapment.

"The only testimony on predisposition was given by the State's only witness, David Reynolds, A review of the testimony given by said David Reynolds, absent objectionable hearsay, *contained no evidence that he knew or had any contact with the defendant, Ronnie L. White, prior to his hoing [sic] to the defendant's trailer with the informant.* The State totally failed to produce evidence of probative value from which the Court could infer that the defendant, Ronnie White, possessed the necessary subjective intent to commit the crime with which he was charged." (Emphasis added.)

The evidence persuades us to agree with the State that these findings of the trial court are erroneous.

The hearsay evidence referred to by the trial court which was admitted for a limited purpose dealt only with the introduction of the undercover policemen to White via a confidential informant. It had nothing to do with White's predisposition to commit the crime. However, there was plenty of uncontradicted evidence, which was not hearsay, to substantiate his predisposition.

Officer Reynolds testified that he told White that he was looking for some good marijuana, and White responded that he did not have any at that time but that he was going to contact his "connect." White asked Reynolds to return in about an hour and he would try to make arrangements. White also informed Reynolds that he was planning on buying a pound and selling it to make some money. White later informed Reynolds that he had been unable to contact his "connect" and asked him to check back in a day or two. Three days later, Reynolds returned and after being invited into White's residence, asked White if he had obtained any "bags," to which White replied affirmatively. During the subsequent conversation, White lit a marijuana cigarette, smoked it, and passed it to Reynolds. White went to a kitchen cabinet and removed a large glassine bag containing a green-like substance and gave it to Reynolds while stating that this was the "quarter" and that it was "good reefer." Reynolds inquired about the price and White asked for $120, which Reynolds paid. Reynolds then asked White if he could sell him a pound of marijuana and White replied that

he could for $410 or $415. White asked Reynolds if he knew of anyone who was interested in buying a couple of bags, because he had a couple left. Then Reynolds left.

 When there is evidence that a police officer or his agent has participated in the buying of controlled substances, the State must present evidence showing the accused's predisposition to commit the criminal act in order to show that the act was not the sole idea of the police officer. However, the accused cannot rely on the defense of entrapment if the police merely afford him the opportunity to commit the crime. Evidence of the events at the time of the sale as well as circumstantial evidence may be sufficient to establish predisposition. The defendant's knowledge of prices and sources, possession, quantity of substance, willingness to engage in future transactions, eagerness in the present sale, and knowledge of slang used are all evidence relevant to the defendant's subjective intent for the purpose of establishing predisposition. *McKrill v. State,* (1983) Ind., 452 N.E.2d 946; *Williams v. State,* (1980) Ind., 409 N.E.2d 571; *Copeland v. State,* (1982) Ind.App., 430 N.E.2d 393; *Sowers v. State,* (1981) Ind.App., 416 N.E.2d 466; *Voirol v. State,* (1980) Ind.App., 412 N.E.2d 861. When reviewing the sufficiency of the evidence of predisposition necessary to overcome the defense of entrapment, the standard of review is the same as that for any other sufficiency claim. *Voirol, supra.*

In this case the State presented evidence of predisposition to commit the charged crime, and the defendant has not presented *any* contradictory evidence. Under like circumstances, the Supreme Court of Indiana said: "No real question of entrapment was even before the jury. The evidence, and all reasonable inferences to be drawn therefrom, fully support the defendant's predisposition to sell drugs." *Cyrus v. State,* (1978) 269 Ind. 461, at 465, 381 N.E.2d 472, at 474, *cert. denied,* 441 U.S. 935, 99 S.Ct. 2058, 60 L.Ed.2d 664. Therefore, the trial court in this instance erred in

finding that there was no evidence of predisposition and in discharging White.

However, it was done, and since White was acquitted of the charge, although it was erroneous, he cannot now be retried. To hold otherwise would violate the principles of double jeopardy. *State v. Harner,* (1983) Ind., 450 N.E.2d 1005.

Sustained.

STATON and GARRARD, JJ., concur.