**John Walter MUDAY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 3–483A111.

Court of Appeals of Indiana, Third District.

Nov. 17, 1983.

Lee F. Mellinger, Elkhart, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Following a jury trial, John Walter Muday (Muday) was convicted of delivery of a controlled substance,[1] a class B felony, for selling phencyclidine (PCP) to a police officer. On appeal, Muday raises three issues:

(1) Whether the evidence is sufficient to overcome Muday's defense of entrapment by showing that he was predisposed to deliver drugs;

(2) Whether it was fundamental error for the trial court to admit a packet of PCP into evidence; and

(3) Whether it was fundamental error for the trial court to allow Lieutenant Thomas to testify concerning statements made to him by a confidential informant.

Affirmed.

## I.

### Entrapment

Muday contends that the State failed to overcome his defense of entrapment by proving beyond a reasonable doubt that he was predisposed to commit the crime. Indiana law provides:

"(a) It is a defense that:

"(1) The prohibited conduct of the person was the product of a law-enforcement officer, or his agent, using persuasion or

---

1. IC 1976, 35–48–4–2 (Burns Code Ed., 1983 Supp.).

other means likely to cause the person to engage in the conduct; and

"(2) The person was not predisposed to commit the offense.

"(b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment."

IC 1976, 35–41–3–9 (Burns Code Ed., 1979 Repl.). When the defense of entrapment has been raised, the State must prove, beyond a reasonable doubt, *either* that the defendant's actions were not a product of efforts by the police *or* that the defendant was predisposed to commit the illegal act. *Ryan v. State* (1982), Ind., 431 N.E.2d 115.

 The participation of the police and their informant in the transaction raises the question of entrapment. *Voirol v. State* (1980), Ind.App., 412 N.E.2d 861, 863 (*trans. denied*). However, Muday was not entrapped if their conduct merely gave him an opportunity to sell PCP. The question of Muday's predisposition was a determination to be made by the trier of fact. *Id.* In reviewing that determination, this Court will neither weigh the evidence nor judge the credibility of witnesses. We will consider the evidence most favorable to the State and all reasonable inferences which may be drawn from that evidence. *Stewart v. State* (1979), 271 Ind. 169, 390 N.E.2d 1018. If there is substantial evidence of probative value to support the conclusion that Muday was predisposed to commit the crime, we will not disturb the judgment. *Ryan v. State, supra; Stewart v. State, supra.*

The evidence most favorable to the judgment is that Lieutenant Thomas of the Elkhart Police Department received a telephone call from a confidential informant who told Thomas that he knew someone who would sell drugs. The informant called back later to tell Thomas when and where the drug buy would take place. Sergeant Slayton, Elkhart Police Department, met the informant, Muday, and another man at a city park. They travelled, in the informant's car, to a house. Sergeant Slayton gave Muday $75.00 for one gram of PCP. Muday got out of the car and went inside. When he returned he gave Ser-

geant Slayton a packet and told Slayton that the specks meant that it was good PCP. During the course of conversation, Muday offered to sell Slayton LSD and cocaine, which he said he could obtain from his girlfriend. They arranged to meet later in the evening so that Slayton could get more money to pay for the LSD and cocaine.

Muday argues that he had never sold drugs before and only agreed to do so because the informant insisted. He testified at trial that, although he drank and used drugs, he never gave drugs to his friends and didn't even know that the substance he gave Slayton was PCP.

 A number of factors will support a determination that Muday was predisposed to sell drugs, including: familiarity with drug terminology; knowledge of prices of a controlled substance; access to sources of supply; and willingness to make future sales. *Stewart v. State, supra; Wilhelm v. State* (1983), Ind.App., 446 N.E.2d 621; *Sowers v. State* (1981), Ind.App., 416 N.E.2d 466. Muday demonstrated some familiarity with drug terminology; he quoted prices for PCP and LSD; he knew of sources for PCP, LSD, and cocaine; he offered to meet Slayton later to sell him LSD and cocaine. Muday knew the price for the PCP he was selling to Officer Slayton, he knew where to obtain the PCP, he did obtain it, and he sold it. *See Ryan v. State, supra.* The record contains substantial evidence of probative value from which the jury could have concluded that Muday was predisposed to commit the offense and that the police merely provided him with an opportunity to do so.

## II.

### Chain of Custody

 Muday contends that the trial court erred in allowing the admission of the packet containing PCP into evidence, because the State failed to establish the chain of custody of the packet. The PCP was admitted without objection; therefore, any error in its admission would normally be waived. *Winston v. State* (1975), 165 Ind. App. 369, 332 N.E.2d 229 (*trans. denied*). However, Muday argues that the admission

constitutes fundamental error and should be considered by this Court.

Fundamental error is error so prejudicial as to deny the defendant a fair trial. *Grier v. State* (1968), 251 Ind. 214, 240 N.E.2d 494; *Roberts v. State* (1981), Ind.App., 419 N.E.2d 803, 807. This error must have been so blatant as to deny the defendant fundamental due process. *Roberts v. State, supra.* Fundamental error exists where the proceedings below, viewed as a whole, were devoid of fairness and the error resulted from the mistake or misconduct of the trial judge in the exercise of his own affirmative duties. *Pedigo v. State* (1980), Ind.App., 412 N.E.2d 132, 136; *Winston v. State, supra.* In determining whether error is fundamental, we first consider the error itself and its effect on the trial. Second, we consider the function of the requirement that a timely objection be made in order to preserve error for appeal. *Roberts v. State, supra; Winston v. State, supra.*

In this case, the alleged error concerns the admission of evidence. The admission of evidence is an area in which the trial court is not required to act *sua sponte;* the parties bear the responsibility for pointing out error because they must decide whether the introduction or exclusion of evidence is in their interest. *Winston v. State, supra.* Moreover, Muday has not demonstrated that the alleged error rendered the proceedings as a whole unfair or denied him fundamental due process. Having reviewed the record, we cannot say that the admission of the packet of PCP constitutes fundamental error.[2]

## III.

### Admission of Hearsay

Muday contends that the trial court erred in allowing Lieutenant Thomas to testify that the confidential informant told him that Muday dealt in drugs because this testimony was hearsay. No objection was made at trial, but Muday again asserts that the error was fundamental. We disagree. He argues that the testimony was prejudicial because it supported the State's contention that he was predisposed to commit the offense. Even if the admission of this testimony was error, that error would be harmless because the record contains substantial independent evidence of probative value to support a conclusion that Muday was not entrapped into making the drug sale. *See Stewart v. State, supra.*

Furthermore, hearsay is testimony by a witness relating to an out-of-court statement made by another and offered for the purpose of proving the facts asserted by the out-of-court declarant. *Trustees of Indiana University v. Williams* (1969), 252 Ind. 624, 251 N.E.2d 439. The testimony of a police officer regarding statements made to him by another is not hearsay when offered to show that he received the information and not for the truth of the information. *Morris v. State* (1980), Ind., 406 N.E.2d 1187, 1193. Lieutenant Thomas's testimony was admissible to show that he received information about Muday and to explain his subsequent actions in sending Sergeant Slayton to meet Muday. We find no error in the admission of this testimony.

Affirmed.

GARRARD and NEAL (by designation), JJ., concur.

2. Muday contends that custody of the packet at the police laboratory was not sufficiently established. In establishing a chain of custody, the State must provide reasonable assurance that the exhibit passed through various hands in an undisturbed condition; it need not exclude all possibilities of tampering. *Holt v. State* (1980), 272 Ind. 544, 400 N.E.2d 130. Testimony established that the PCP was sealed in an evidence bag, initialed, and marked with the State police case and item numbers before it was sent to the laboratory. Troy Ballard, the chemist, testified that he removed a sample of the powder from the plastic bag for testing. Muday has failed to raise more than a mere possibility of tampering; therefore, the admission of the packet was not error.