**STATE of Indiana, Appellant
(Plaintiff Below),**

v.

**David A. COMERFORD, Appellee
(Defendant Below).**

**No. 3–385A48.**

Court of Appeals of Indiana,
Third District.

Nov. 7, 1985.

Linley E. Pearson, Atty. Gen. of Ind., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellant.

HOFFMAN, Judge.

The State of Indiana by its Attorney General (State) appeals a judgment of acquittal in favor of David Comerford (Comerford). The trial court found Comerford not guilty of illegal consumption of alcohol,[1] a Class C misdemeanor. The State premises its appeal on IND.CODE § 35–38–4–2.

The evidence relevant to this appeal discloses that Comerford, a minor, consumed four or five beers while visiting his mother's home on the evening of September 1, 1984. Later that evening, Comerford was

1. IND.CODE § 7.1–5–7–7.

stopped at a roadblock in Valparaiso, Indiana as he was driving home. After administering a portable breath test to Comerford, Indiana State Trooper Guy Boruff (Boruff) determined that Comerford had been drinking alcoholic beverages. Boruff charged Comerford with possession of alcohol by a minor,[2] and consumption of alcohol by a minor.

At trial, Comerford argued that IND. CODE § 7.1–5–7–7 only prohibits consumption of alcohol by a minor when not in the presence of a parent. Ultimately, Comerford was found not guilty of consuming alcohol in violation of the statute.

The State raises one issue on appeal: whether the court's judgment in finding Comerford not guilty of illegal consumption of alcohol by a minor was contrary to law. IND.CODE § 7.1–5–7–7 states:

"Illegal Possession. It is a Class C misdemeanor for a minor to knowingly:

(1) possess an alcoholic beverage;

(2) consume it; or

(3) transport it on a public highway when not accompanied by at least one (1) of his parents or guardians."

 When a statute contains clear and unambiguous language, the only applicable rule of construction is that words and phrases shall be taken in their ordinary and usual sense. *Daugherty v. State* (1984), Ind.App., 466 N.E.2d 46. A plain reading of the statute reveals that a minor may not knowingly consume an alcoholic beverage. Because the disjunctive article "or" appears after the portion of the statute which refers to consumption, the phrase "when not accompanied by at least one of his parents or guardians" modifies only the portion of the statute regarding transportation of alcohol on public highways.

Although principles of double jeopardy[3] bar a retrial of Comerford, the Attorney General prevails in his appeal.

STATON, P.J., and GARRARD, J., concur.

---

2. The charge of possession of alcohol was dismissed by the court and is not a subject of this appeal.

3. IND.CODE § 35–41–4–3. *See, State v. White* (1983), Ind.App., 454 N.E.2d 87.