**Robert J. HARRIS, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 49A02–8612–CR–434.

Court of Appeals of Indiana,
Second District.

June 11, 1987.

Carolyn W. Rader, Seth Thomas Pruden, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Robert J. Harris appeals the trial court's denial of his motion to dismiss pursuant to Ind. Rule of Appellate Procedure 4(B)(6).

We reverse.

At the close of Harris's trial for theft, a class D felony, the jury returned a verdict of not guilty.[1] However, when the State polled the jury, three members disavowed the not guilty verdict. Upon inquiry by the judge, it was apparent the jurors mistakenly believed their verdict had to be unanimous only if they were convicting the defendant. The judge denied the State's motion for mistrial, accepted the verdict of not guilty, and discharged the defendant. Thereafter, the State refiled identical charges[2] against Harris. Harris timely filed a motion to dismiss based on double jeopardy considerations which the trial court denied.

The sole issue is whether the trial court erred in denying the motion to dismiss based on prohibitions against double jeopardy contained in the Fifth Amendment of the United States Constitution, Article One, Section Fourteen of the Indiana Constitution, and Ind.Code Ann. § 35–41–4–3 (Burns 1985).

Because the attempted re-prosecution is barred by statute, we do not reach the constitutional arguments. I.C. § 35–41–4–3 reads, in relevant part:

A prosecution is barred if there was a former prosecution of the defendant based on the same facts and for commission of the same offense and if:

(1) The former prosecution resulted in an acquittal ... of the defendant....

The prosecution in question is "based on the same facts and for the commission of the same offense" as the former prosecution. However, the parties dispute whether there was an acquittal in the former prosecution. The State claims Harris was not acquitted because the verdict was not unanimous. The State argues the trial court erred in accepting the verdict and discharging Harris rather than instructing

---

1. Ind.Code Ann. § 35–43–4–2 (Burns Repl.1985).

2. The original information and the refiled information included a habitual offender count.

the jury to continue its deliberations or, if necessary, declaring a mistrial. Harris asserts the trial court's acceptance of the verdict and his discharge constitutes an acquittal. We agree.

Contrary to the State's argument, the issue is whether Harris was acquitted and not whether the acquittal was erroneous. In *State v. White* (1983), Ind.App., 454 N.E.2d 87, the trial court found the defendant guilty of drug dealing after a bench trial. The defendant filed a motion to correct error. Nearly two years later the trial court granted the motion to correct error, and discharged the defendant finding there was no evidence of predisposition rebutting the defendant's entrapment defense. The State appealed upon a reserved question of law. In its opinion the court on appeal stated:

> "In this case the State presented evidence of predisposition to commit the charged crime.... Therefore, the trial court in this instance erred in finding that there was no evidence of predisposition and in discharging White. However, it was done, and since White was acquitted of the charge, although it was erroneous, he cannot now be retried. To hold

otherwise would violate the principles of double jeopardy."

454 N.E.2d at 90.

Here, the jury in the former prosecution returned a verdict of not guilty. The trial judge accepted the verdict, and discharged the jury and Harris. Whether the judge did so in error is irrelevant in a second prosecution. Even if the trial court's action in the former prosecution was erroneous, the acquittal nevertheless stands. The State cannot metamorphize the issue of the correctness of the trial court's actions in the former prosecution into an argument the trial court's order of acquittal is a nullity.

The trial court order denying Harris's motion to dismiss is reversed and the cause is remanded with instructions to grant the motion and discharge Harris.

SULLIVAN and NEAL, JJ., concur.