**Robert SPIVEY, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 41A04–0908–CR–444.**

Court of Appeals of Indiana.

March 3, 2010.

Michael J. Kyle, Franklin, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, James E. Porter, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

FRIEDLANDER, Judge.

Following a jury trial, Robert Spivey was convicted of Driving While Suspended,[1] a class A misdemeanor. On appeal, Spivey presents one issue for our review: Did the trial court abuse its discretion in instructing the jury?

We affirm.

On March 13, 2008, Spivey was driving on a public highway when Officer David Lowe of the Whiteland Police Department observed Spivey drive through an intersection from a turn-only lane.[2] Although not on duty at the time, Officer Lowe was in his police car and initiated a traffic stop of Spivey's vehicle. At Officer Lowe's request, Spivey provided his driver's license. Officer Lowe ran a check of Spivey's license with the Indiana Bureau of Motor Vehicles (BMV) and learned that Spivey's driver's license had been suspended for a default judgment on an unsatisfied judgment. Spivey claimed that he was unaware that his license was suspended. Officer Lowe placed Spivey under arrest.

On March 17, 2008, the State charged Spivey with driving while suspended as a class A misdemeanor. A jury trial was held on April 14, 2009. During the trial, State's Exhibit 1, a copy of Spivey's certified driving record from the BMV, was admitted into evidence over Spivey's objection. This record showed that Spivey's license was suspended effective January 15, 2008 and that such suspension was still in effect when Spivey was arrested on the instant offense. The record also indicates that notice of the suspension was mailed to Spivey on January 16, 2008. At the conclusion of the evidence, the jury found Spivey guilty as charged. On June 25, 2009, the trial court sentenced Spivey to sixty days executed with six actual days of credit. Spivey now appeals.

We begin by noting that in order to convict Spivey of driving while suspended, the State was required to prove beyond a reasonable doubt that Spivey operated a motor vehicle on a highway when he knew his driving privileges had been suspended and also, that within the past ten years, Spivey had a prior unrelated judgment for a violation of certain other traffic laws. *See* I.C. § 9–24–19–2. Spivey's primary defense at trial was that he did not know that his driver's license was suspended at the time he committed the instant offense.

On appeal, Spivey argues that the trial court abused its discretion in instructing the jury during final instructions that notice of a suspension mailed by the BMV establishes a rebuttable presumption that a driver knew his driving privileges were suspended. We review a trial court's decision regarding instructing the jury for an abuse of discretion. *Overstreet v. State,*

---

1. Ind.Code Ann. § 9–24–19–2 (West, PREMISE through 2009 1st Special Sess.).

2. The transcript of Officer Lowe's trial testimony indicates that the events occurred on May 13, 2008. The remaining transcript and the records in the appendix indicate that the relevant events occurred on March 13.

783 N.E.2d 1140 (Ind.2003), *cert. denied,* 540 U.S. 1150, 124 S.Ct. 1145, 157 L.Ed.2d 1044 (2004). In reviewing a trial court's decision to give or refuse a tendered instruction, we consider whether the instruction (1) correctly states the law; (2) is supported by evidence in the record; and (3) is covered in substance by other instructions. *Id.* "We consider jury instructions as a whole and in reference to each other and do not reverse the trial court for an abuse of that discretion unless the instructions as a whole mislead the jury as to the law in the case." *Lyles v. State,* 834 N.E.2d 1035, 1048 (Ind.Ct.App.2005), *trans. denied* (internal quotes and citations omitted).

At trial, Spivey objected to the following final jury instruction:

> You are instructed that on the date of the allegations there was in full force and effect the following statute: Mailing of notice of suspension, rebuttal [sic] presumption. Service by the Bureau of Motor Vehicles of a notice of an order or an order suspending or revoking a person's driving privileges by mailing a notice or order by first class mail to the Defendant under this chapter at the last address shown for the Defendant in the records of the Bureau of Motor Vehicles establishes a rebuttable presumption that the defendant knows that the person's driving privileges are suspended.

*Appellant's Appendix* at 19. The instruction is nearly verbatim of the language contained in I.C. § 9–24–19–8 (West, PREMISE through 2009 1st Special Sess.). Spivey admitted that the instruction was a correct statement of the law in that it came directly from a statute, but argued that the instruction was not applicable because "the driving record does not establish that [the notice of suspension] was sent by first class mail as the statute requires." *Transcript* at 65. On appeal,

Spivey carries forward the argument he made to the trial court that the final instruction setting forth the rebuttable presumption, taken directly from I.C. § 9–24–19–8, is inapplicable in this instance because the State failed to produce evidence that the notice was sent by first class mail. In the alternative, Spivey argues that he presented sufficient evidence to rebut the presumption.

Spivey's specific challenge is that the evidence in the record did not support the giving of the instruction setting forth the rebuttable presumption that he knew his driving privileges were suspended. The State argues that it provided evidence meeting the requirements for establishing the rebuttable presumption. The State points out that Spivey's driving record indicates the notice of suspension had a "Mail Date" of January 16, 2008. *State's Exhibit 1.* The State argues that the record need not specifically indicate the notice was sent by first class mail, but that showing a "Mail Date" is sufficient. We agree with the State.

To establish the rebuttable presumption that the defendant knew of his license suspension, I.C. § 9–24–19–8 requires the BMV to have sent notice by first-class mail to the defendant's last known address. Spivey does not contest that he had lived at the address in the BMV records on the date his driving record shows that notice of his suspension was sent to that address and that he had lived at that address for ten years. Further, it is common knowledge that the general method of mailing a letter is through the United States Postal Service via first-class mail. The State introduced into evidence Spivey's driving record that clearly indicated that notice of his suspension had a "Mail Date" of January 16, 2008, from which the trier of fact may reasonably infer that the notice was sent via first-class mail. The State's evi-

dence supported the giving of the final instruction setting forth the rebuttable presumption that Spivey had knowledge that his license had been suspended when he committed the instant offense.

■ Finally, we address Spivey's argument that he presented sufficient evidence to rebut the presumption. Spivey's evidence in this regard was primarily his own testimony that he had not received the notice of suspension from the BMV. Spivey also relied upon his driving record, which showed that a trial court approved his request for a new license within two weeks of the instant offense. Spivey's evidence was self-serving and much of it was simply not probative of whether he knew his license was suspended on the day of the instant offense. We reject his invitation to reweigh the evidence and judge his credibility.

Judgment affirmed.

NAJAM, J., and BRADFORD, J., concur.