**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON A. CAFOURAS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 16A01-1208-CR-347 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DECATUR SUPERIOR COURT
The Honorable Matthew D. Bailey, Judge
Cause No.  16D01-1109-CM-535

**February 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Jason Cafouras ("Cafouras") was convicted after a bench trial of Driving While Suspended ("DWS"), a Class A misdemeanor.[1] He appeals and raises for review the single issue of whether the State presented sufficient evidence to support his conviction.

We affirm.

## Facts and Procedural History

On September 3, 2011 at approximately 9:17 p.m., Lieutenant Larry Dance ("Officer Dance") from the Greensburg Police Department ("GPD") initiated a traffic stop of a gold Ford truck for tailgating. Upon request from Officer Dance, the Ford's driver, Cafouras, provided an Indiana Driver's License as identification. Officer Dance returned to his vehicle and requested that GPD run a check on Cafouras' driver's license. GPD informed Officer Dance that Cafouras' license was suspended. Officer Dance advised Cafouras about his driving behavior and issued him a summons for DWS. Cafouras' father, a passenger in the Ford, assumed driving responsibilities after Officer Dance verified his driving credentials.

On September 6, 2011, the State of Indiana charged Cafouras with Driving While Suspended. The trial court conducted a bench trial on July 12, 2012 and found Cafouras guilty as charged. The court sentenced Cafouras to thirty days in the Decatur County Jail and suspended his driving privileges for ninety days.

## Discussion and Decision

Our standard of review for challenges to the sufficiency of the evidence is well settled.

---

[1] Ind. Code § 9-24-19-2

When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Henley v. State, 881 N.E.2d 639, 652 (Ind. 2008). We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence. *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009).

To convict Cafouras of DWS, the State was required to prove beyond a reasonable doubt that Cafouras while knowing his driving privilege had been suspended, operated a motor vehicle on a highway less than ten (10) years after the date on which judgment was entered against him for a prior unrelated violation. *See* Ind. Code § 9-24-19-2. Cafouras' sole claim on appeal is that the State's evidence did not establish that he knew his license was suspended.

Indiana Code section 9-24-19-8 establishes a rebuttable presumption that a defendant knew of his license suspension upon proof that the Indiana Bureau of Motor Vehicles ("BMV") sent notice by first-class mail to the defendant's last known address shown in the records of the BMV. Spivey v. State, 922 N.E.2d 91, 93 (Ind. Ct. App. 2010).

To meet its burden of proof, the State introduced Cafouras' BMV driving record into evidence. The driving record indicated the BMV mailed notice of suspension to 449 Forest Lane, Kissimmee, Florida 34746 on August 17, 2011. The driving record also indicated the Florida address was Cafouras' effective address from February 13, 2011 until January 30, 2012 and thus was his address when notice of suspension was mailed.

Cafouras testified that he lived at the Kissimmee address for approximately eight

3

months. He also admitted that the address was of a permanent nature and that he had returned to Indiana approximately two months prior to September 3, 2011. Additionally, Cafouras admitted that he knew of the previous unpaid ticket which led to his subsequent suspension. Based on Cafouras' testimony and his driving record, a reasonable trier of fact could find that Cafouras' last known address in the BMV's records was the Florida address to which the BMV sent notice of suspension, thus giving rise to the presumption that Cafouras knew his license was suspended.

Cafouras asserts that the State failed to meet its burden that he had knowledge of his suspension because the address listed on his license was his correct address and is or should be a component of his driving record, that the suspension notice was sent to an old or incorrect address, and that, in February of 2011, the BMV, for unknown reasons, changed his effective address from 5205 South Warman Avenue, Indianapolis, Indiana 46217 to the one in Florida. Cafouras testified that the Indianapolis address listed on his license issued in November 2009 was in fact his current address. He argues that because the BMV did not send suspension notice to the Indianapolis address listed on his license, which he contends should be his last known address for purposes of the BMV's records, he lacked knowledge of the suspension.

Cafouras' efforts to rebut his presumed knowledge of suspension fail. Indiana's legislature stipulates what must be included in a driving record. BMV driving records must include moving violations, operation of a vehicle without financial responsibility, suspensions and revocations, reinstatements of a license, and entries of notice of suspension

4

or revocation mailed by the BMV to a defendant. The address printed on the driver's license is not a required entry, nor are applications for licenses or permits issued by the bureau or commissioner. Ind. Code § 9-14-3-7(b); Ind. Code § 9-14-2-6. Cafouras' contentions that the suspension notice was mailed to an incorrect address and that his address was inexplicably changed thus rebutting his knowledge of suspension are invitations to reweigh evidence and are outside the scope of this review.

The evidence shows that notice was mailed to the last address as shown by BMV records. The relevant statutes do not mandate the BMV send notice to any additional or alternative address. There was sufficient evidence presented at trial as shown by BMV records and Cafouras' own testimony to permit a reasonable trier of fact to conclude that Cafouras knew his driving privileges were suspended.

The evidence is sufficient to establish beyond a reasonable doubt that Cafouras is guilty of Driving While Suspended, a class A misdemeanor.

Affirmed.[2]

VAIDIK, J., and BROWN, J., concur.

---

[2] The trial court's judgment of conviction order incorrectly states the date as June 30, 2008. The judgment of conviction was entered on July 12, 2012.