**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSPEH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ROBERT BIRK,                         )
                                     )
    Appellant-Defendant,             )
                                     )
       vs.                        )    No. 49A02-1310-CR-897
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Plaintiff.              )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jose Salinas, Judge
The Honorable John Alt, Commissioner
Cause No. 49G14-1212-FD-82428

**June 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Robert Birk appeals his conviction of Class A misdemeanor driving while suspended with a prior suspension within ten years[1] and Class D felony possession of a narcotic drug.[2] He asserts there was not sufficient evidence to convict him of driving while suspended and the trial court abused its discretion when admitting evidence of the cocaine seized. We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 5, 2012, at 10:45 p.m., Indianapolis Metropolitan Police Department (IMPD) Officer Charles Tice observed a black Pontiac Grand Prix cross the double yellow line to pass another vehicle. Officer Tice initiated a traffic stop. Birk, the driver, produced an Indiana Identification Card. Officer Tice searched Bureau of Motor Vehicle (BMV) records and discovered Birk's license was suspended. Officer Tice asked Birk to exit the vehicle and handcuffed him. IMPD Officer Donald Neal arrived at the scene to assist. While Officer Tice completed the paperwork, Officer Neal searched Birk and found a baggie containing a white rock-like substance in Birk's front right watch pocket. He gave it to Officer Tice.

Officer Tice read Birk his *Miranda* rights, then questioned Birk about the rock-like substance. Birk stated he knew the substance was cocaine and was illegal, but it was not his. He explained he just bought the cocaine and intended to sell it to a friend for an inflated

---

[1] Ind. Code § 9-24-19-2.
[2] Ind. Code § 35-48-4-6.

price. During the questioning, Birk referred to the substance as "20 rock," which is a rock of cocaine that typically costs about twenty dollars. (Tr. at 23-24.)

Officer Tice placed the cocaine in a heat-sealed envelope, labeled the envelope, and transported it to the IMPD property room. On March 26, 2013, Patricia Bowen, a forensic chemist with the Marion County Crime Laboratory, checked out the heat sealed plastic envelope marked PD12170099 in order to verify the substance was cocaine. Bowen's report indicated the substance was 0.1608 grams of cocaine. (Ex. at 13.) After testing, Bowen placed the substance back in the envelope, placed her sticker on the front indicating the case number, the date, and her initials, and returned the bag to the IMPD property room.

At trial, the State introduced Birk's BMV record and the heat-sealed envelope of cocaine. The court admitted both exhibits. The BMV record indicated the last notice of suspension was sent to Birk's most current address, and both officers testified that the heat-sealed envelope containing the cocaine was in a substantially similar condition to when they confiscated it at the time of the arrest. The trial court found Birk guilty of driving with a suspended license and of possession of cocaine.

## DISCUSSION AND DECISION

### 1.   Sufficiency of Evidence

There was sufficient evidence to prove beyond a reasonable doubt that Birk drove while knowing his license was suspended. When reviewing sufficiency of evidence, we neither reweigh the evidence, nor judge the credibility of the witnesses. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We consider the evidence most favorable to the judgment, and

will not reverse if a reasonable fact-finder could find the elements of the crime had been proven beyond a reasonable doubt. *Id.*

In order to convict Birk of driving while suspended with a prior violation, the State was required to prove beyond a reasonable doubt that Birk operated a motor vehicle on a highway, when he knew his driver's license was suspended, and within the past ten years had a prior unrelated judgment for driving without a license. *See* Ind. Code § 9-24-19-2 (establishing the elements of driving while suspended within ten years of prior similar infraction). Birk alleges he was not given proper notice of the suspension of his license.

A rebuttable presumption of knowledge of a license suspension is established by Ind. Code § 9-24-19-8, which states:

> Service by the bureau of motor vehicles of a notice of an order or an order suspending or revoking a person's driving privileges by mailing the notice or order by first class mail to the defendant under this chapter at the last address shown for the defendant in the records of the bureau of motor vehicles establishes a rebuttable presumption that the defendant knows that the person's driving privileges are suspended.

According to the BMV's records, the BMV mailed notice to Birk's current address as listed on his State I.D. twice on "07/29/2008" and once on "03/03/2006." (Ex. at 3.) Each of these was a notice of suspension, and one of them was notice of an indefinite suspension. In addition, since 1998, the BMV has sent thirty-seven other suspension notices to the addresses it had on file for Birk at the time of the suspensions. (Ex. at 3-6.)

Birk argues there is no evidence that these notices were sent by first-class mail, such that the mailing would create a rebuttable presumption he received notice. In *Spivey v. State*,

4

Spivey claimed he did not receive notice of his license suspension via first-class mail, and we noted "it is common knowledge that the general method of mailing a letter is through the United States Postal Service via first-class mail." 922 N.E.2d 91, 93 (Ind. Ct. App. 2010). We held a trier of fact could infer from the "Mail Date" in the BMV records that the notice was sent by first-class mail. *Id.* Based on Birk's BMV records containing forty "Mail Date[s]" to the most current address on file for Birk, the trial court could infer those notices were sent via first-class mail, creating a rebuttable presumption Birk knew his license was suspended. As Birk did not rebut this presumption, the State proved beyond a reasonable doubt that Birk was knowingly driving while suspended.[3] *See id.* (stating defense has burden to rebut the presumption).

2.    Admission of Evidence

Birk alleges the trial court should not have admitted the bag of cocaine into evidence because a discrepancy in the weight of the cocaine suggests a chain of custody error. Birk did not object on this ground at trial.[4] "Failure to object at trial waives the issue for review unless fundamental error occurred." *Treadway v. State,* 924 N.E.2d 621, 633 (Ind. 2010). Fundamental error is a narrow exception and applies only where the "error constitutes a blatant violation of basic principles." *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006). Error is fundamental error when it makes a fair trial impossible or violates due process.

---

[3] Birk's knowledge that he did not have a valid driver's license is also suggested by his possession of an Indiana Identification Card, made available by Indiana Code chapter 9-24-16, which is entitled "Identification Cards for Nondrivers."

[4] Birk's counsel objected on the ground the number on the bag had the first two letters switched during the investigation. Birk did not complain about a discrepancy in the weight of the cocaine until closing argument.

*Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010), *reh'g denied*.

Birk admitted at the time of arrest that the substance was cocaine, and both officers testified based on their training they believed the substance to be cocaine. The discrepancy in the weight, even if unresolved, is not fundamental error because the weight of the cocaine is not an element of the statute Birk violated: "A person who, . . . knowingly or intentionally possesses cocaine . . . commits possession of cocaine or a narcotic drug, a Class D felony . . . ." Ind. Code § 35-48-4-6(a). Birk stated it was "a twenty rock" that he intended to sell for an inflated price, (App. at 20), indicating Birk knew he possessed cocaine. Therefore, the admission of the cocaine was not fundamental error. *See*, *e.g.*, *Muday v. State*, 455 N.E.2d 984, 988 (Ind. Ct. App. 1983) (admission of evidence not fundamental error as proceedings as a whole not fundamentally unfair).

## CONCLUSION

There was sufficient evidence from which the trial court could determine Birk knew his license was suspended, and the admission of the cocaine evidence was not fundamental error. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.

6