[Cite as *State v. Adams*, 2014-Ohio-3496.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100500**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DAVID JAMES ADAMS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-573529

**BEFORE:**    Blackmon, J., S. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**    August 14, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender

Jeffrey Gamso
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Kristin Karkutt
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant David James Adams ("Adams") appeals his sentence and sets forth the following assigned error for our review:

> The trial court committed error and imposed a sentence contrary to law when it failed to merge the offenses of involuntary manslaughter and felonious assault as they are allied offenses of similar import pursuant to R.C. 2941.25(A).

{¶2} Having reviewed the record and pertinent law, we affirm Adams's sentence. The apposite facts follow.

{¶3} The Cuyahoga County Grand Jury indicted Adams for two counts of murder, two counts of felonious assault, and one count of reckless homicide, all of which had one and three-year firearm specifications attached. Additionally, Adams was charged with one count of tampering with evidence and one count of grand theft.

{¶4} Pursuant to a plea agreement, Adams pled guilty to an amended count of involuntary manslaughter with a three-year firearm specification and one count of felonious assault. He also pled guilty to tampering with evidence and grand theft. The remaining counts were nolled.

{¶5} Adams and the state further agreed to a definite term of incarceration of at least 15 years, not to exceed 25 years. They also stipulated that the involuntary manslaughter and felonious assault counts would not merge. The trial court accepted the plea deal as presented, and sentenced Adams to 11 years for involuntary manslaughter along with three years for the firearm specification, eight years for felonious assault, three years for tampering with evidence, and 18 months for grand theft. The court ordered the

involuntary manslaughter, felonious assault, tampering with evidence, and the firearm specification be served consecutively, and the grand theft sentence be served concurrently. The total sentence imposed by the trial court was 25 years in prison.

## **Allied Offenses**

{¶6} In his sole assigned error, Adams argues that the trial court committed plain error by failing to merge the involuntary manslaughter and felonious assault counts.

{¶7} We conclude Adams's assigned error has no merit. At the guilty plea hearing, the prosecutor addressed the agreement regarding not merging the counts as follows:

> As part and parcel of this plea agreement, Your Honor, the State of Ohio and defense have an agreement that the felonious assault, Count 3, does not merge with the amended Count 2, involuntary manslaughter and that we are proposing a range of sentence, for this court to consider, of flat time, minimum fifteen years, maximum of twenty-five years.

Tr. 5.

{¶8} The court and defense counsel then further discussed as follows:

Attorney:  We understand, again, felonious assault and involuntary manslaughter will probably merge. But, for the sake of the plea bargain, we're willing to waive.

Court: Okay. So, we're going to agree that these are not allied offenses. Also agree that the court, in order to reach the negotiated result here, must issue consecutive sentences, although I will place findings on the record. The defendant is waiving error with regard to the consecutive sentences described?

Attorney:  Yes, Judge.

Tr. 7.

**{¶9}** The trial court then had the following discussion with Adams prior to accepting his plea:

> Court: You also agree, I want to make this clear for the record that as far as sentencing that you just pled to, Counts 2 and 3 will not merge for sentencing. Do you understand that?
>
> Adams: Yes, sir.
>
> Court: Does that in any way affect the plea you just made?
>
> Adams: No, sir.

Tr. 21.

**{¶10}** This court has held that when the transcript demonstrates the state and defense counsel specifically agreed that the offenses were not allied, the issue of allied offenses is waived. *State v. Yokings*, 8th Dist. Cuyahoga No. 98632, 2013-Ohio-1890; *State v. Carmen*, 8th Dist. Cuyahoga No. 99463, 2013-Ohio-4910; *State v. Ward*, 8th Dist. Cuyahoga No. 97219, 2012-Ohio-1199.

**{¶11}** In spite of the above precedent, Adams relies on the Ohio Supreme Court's decision in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 93, to argue that it was plain error for the trial court to fail to consider merging the sentences even if the sentence was agreed to. *Underwood* does state:

> When a sentence is imposed for multiple convictions on offenses that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D)(1) does not bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court.

**{¶12}** However, this court in *Yokings, Carmen,* and *Ward* distinguished *Underwood* based on the fact that merger was not discussed as part of the agreed sentence in *Underwood.* In fact, *Underwood* explicitly states:

> [W]e note that nothing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence. When the plea agreement is silent on the issue of allied offenses of similar import, however, the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense.

*Id.* at ¶ 29.

**{¶13}** The discussion that occurred in the instant case satisfies the requirements of *Underwood.* The prosecutor and defense counsel discussed the fact that they agreed the offenses would not merge as part of the plea bargain. The trial court explained to Adams the agreement to not merge the counts, and Adams indicated that he understood that they would not merge. Thus, the parties had an agreement the offenses would not merge and Adams got the benefit of the bargain by not having a life-tail imposed at the end of his sentence. *Underwood* does not require the trial court to determine whether the offenses actually merge before accepting the plea when the parties have specifically entered into an agreement that they do not merge. It is when the parties fail to discuss the merger that the trial court is obligated to determine if the offenses are allied offenses. Based on the terms of the plea in the instant case, the issue of allied offenses is waived. Accordingly, Adams's assigned error is overruled.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

SEAN C. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR