STATE of Indiana, Appellant–Plaintiff,

v.

Skylor GEARLDS, Appellee–Defendant.

No. 90A02–1105–CR–433.

Court of Appeals of Indiana.

Oct. 24, 2011.

Gregory F. Zoeller, Attorney General of Indiana, Angela N. Sanchez, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

John Pinnow, Special Assistant to the State Public Defender, Greenwood, IN, Attorney for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Skylor Gearlds was charged with Class A misdemeanor operating a motor vehicle while suspended based on a previous violation within the past ten years pursuant to Indiana Code section 9–24–19–2. The trial court dismissed the misdemeanor charge because the statute contains a mistaken cross-reference allowing for a driving while suspended infraction to be enhanced when (1) the driver has a previous driving while suspended conviction and (2) the *previous* conviction is within ten years of the commission of the *previous* offense. We conclude that although there is a mistake in the statute, it is clear that the legislature did not intend to elevate all driving while suspended offenses with prior convictions but rather only intended to elevate those offenses where the offender had a prior conviction within ten years of the *new* offense. Put differently, the statute was intended to proscribe less conduct than the literal words of the statute do. Because we find the statute enforceable in its current form and Gearlds' conduct is proscribed under either reading, we reverse the trial court and remand for further proceedings.

### Facts and Procedural History

In May 2010, Gearlds was arrested for operating a vehicle in Bluffton, Indiana, while his license was suspended.

On September 2, 2010, the State charged Gearlds with Class A misdemeanor operating a motor vehicle while suspended based on a previous violation within the past ten years. Ind.Code § 9–24–19–2; Appellant's App. p. 41. The State alleged that on April 27, 2009, Gearlds was convicted of operating a motor vehicle while suspended as an infraction under Cause No. 90D01–0903–IF–19. Appellant's App. p. 42. Indiana Code section 9–24–19–2 provides in full:

> A person who operates a motor vehicle upon a highway when the person knows that the person's driving privilege, license, or permit is suspended or revoked, when less than ten (10) years have elapsed between:
>
> (1) the date a judgment was entered against the person for a prior unrelated violation of section 1 of this chapter, this section, IC 9–1–4–52 (repealed July 1, 1991), or IC 9–24–18–5(a) (repealed July 1, 2000); and
>
> (2) the date the violation described *in subdivision (1)* was committed;
>
> commits a Class A misdemeanor.

Ind.Code Ann. § 9–24–19–2 (West 2004) (emphasis added). The predecessor to this statute, Indiana Code section 9–24–18–5, was repealed in 2000, and Section 9–24–19–2 was added in 2000 by Public Law 32–2000, Sec. 1.

At a status hearing on April 18, 2011, Gearlds orally moved to dismiss the Class A misdemeanor charge because the "way the statute is written I don't think it is an appropriate statute any longer at this point that would be applicable and we would move for a dismissal based on the fact that I don't think it is appropriate." Tr. p. 1. The following colloquy then occurred between the parties:

COURT: [State], the Court has reviewed this issue previously and entered an order in a prior case. I understand the State is going to object to the motion?

[STATE]: Yes sir.

COURT: The Court will note that for the record. The objection however is overruled and the motion is granted and I will prepare a written order stating out the substance of the reasons why. I believe that is all today.

*Id.*

That same day, the trial court entered an order which provides in pertinent part:

Counsel for Defendant orally moves to dismiss the charge of Driving a Motor Vehicle while the Driving Privilege is Suspended under Indiana Code § 9–24–19–2 based upon this Court's previous ruling in *State of Indiana vs Brown–Smith* in Wells County Superior Court case number 90D01–0908–CM–0240. The Court, having considered the motion and over objection of the State, now enters the following Order:

\*     \*     \*     \*     \*     \*

The statute as written erroneously refers to "subdivision (1)" instead of the unnumbered first paragraph of the statute and as written does not define a criminal offense.

There are two opposing principles of statutory construction which must be considered in determining whether in Indiana there is currently a viable charge of Driving While Suspended as a Class A misdemeanor. The first principle is that criminal statutes must be strictly construed against the state and in favor of the accused. The second principle is that, wherever possible, courts should interpret a statute in such a way that is not a nullity, presuming that our legislature did not intend to enact a law that has no meaning.

In this case, it is this Court's opinion that the first of these principles must trump the second. Although the intent of the legislature when it enacted the above statute is probable differs [sic] from the result obtained, the statute must be *strictly construed.* It is not up to a court to change the language of a criminal statute. It must be left to the General Assembly. If this Court were to accept the State's position on this issue and the Indiana Court of Appeals or the Indiana Supreme Court later determined the issue contrary to the position of the State, there would be numerous persons who have been wrongfully convicted of a crime leading to unfair results and possible post conviction relief petitions.

Therefore, the Court now finds that at this time there is no viable criminal charge for Driving While Suspended as a Class A misdemeanor under the above statute. Until the statutory language is corrected this Court will not issue a warrant for the offense nor allow an accused person to plead guilty to or be found guilty of the offense as a Class A misdemeanor. The State is still free to charge offenders with a Class A infraction and present any prior driving offenses as aggravating circumstances on the issue of any penalty the Court should impose.

Appellant's App. p. 51–52.

On April 25, 2011, the State charged Gearlds with Count II, operating a motor

vehicle while suspended as an infraction. Ind.Code § 9–24–19–1; Appellant's App. p. 54. The State now appeals the dismissal of Gearlds' misdemeanor.

### Discussion and Decision

■ The State contends that the trial court erred in dismissing the misdemeanor operating a motor vehicle while suspended charge against Gearlds. Specifically, the State argues that the trial court "unnecessarily nullified" Section 9–24–19–2. Appellant's Br. p. 3. The State points out that Section 9–24–19–2 is part of a progressive penalty scheme, whereby the offense is elevated to a Class A misdemeanor if the offender has a prior judgment for driving while suspended within the past ten years.[1] Though the State agrees that there is a "mistaken cross-reference" in the statute, it notes that it is a "vestige of a former version of the statute" which was not changed to reflect the new organization of the statute. *Id.* But regardless, the State explains that the statute as currently written actually removes the ten-year time limitation and allows any qualified prior judgment to support the Class A misdemeanor offense without regard to the age of the prior judgment. Because the legislature did not intend this result and because its intent was to create a progressive penalty for the repeat commission of this offense within the past ten years, the State concludes that the trial court "erred by focusing excessively on the wording to the exclusion of the legislative intent, purpose, and historical application of the statute." *Id.* at 4.

We start with Section 9–24–19–2, which provides:

> A person who operates a motor vehicle upon a highway when the person knows that the person's driving privilege, license, or permit is suspended or revoked, when less than ten (10) years have elapsed between:
>
> (1) the date a judgment was entered against the person for a prior unrelated violation of section 1 of this chapter,[2] this section, IC 9–1–4–52 (repealed July 1, 1991), or IC 9–24–18–5(a) (repealed July 1, 2000); and
>
> (2) the date the violation described *in subdivision (1)* was committed;
>
> commits a Class A misdemeanor.

(Emphasis added). It is agreed that the use of the phase "in subdivision (1)" is a mistake. Instead, it should refer to the date that the current violation described in the introductory paragraph was committed. *See* Appellant's App. p. 51 ("The statute as written erroneously refers to 'subdivision (1)' instead of the unnumbered first paragraph of the statute....") (trial court order); Appellant's Br. p. 5 ("The trial court correctly discerned that the legislature intended to refer to the date of the commission of the current offense...."); Appellee's Br. p. 3. Thus, the question is whether the statute is enforceable as written.

■ Because Section 9–24–19–2 is a penal statute, it must be strictly construed. *George v. Nat'l Collegiate Athletic Ass'n,* 945 N.E.2d 150, 154 (Ind.2011), *reh'g denied.* Due process requires that a penal

---

1. In addition to Section 9–24–19–2, a person who violates Indiana Code section 9–24–19–3 (a Class A misdemeanor) commits a Class D felony if the operation results in bodily injury or serious bodily injury and commits a Class C felony if the operation results in the death of another person. Ind.Code § 9–24–19–4.

2. Indiana Code section 9–24–19–1 provides that (except as provided in Sections 2, 3, and 4 of this chapter), a person who operates a motor vehicle upon a highway while the person's driving privilege, license, or permit is suspended or revoked commits a Class A infraction.

statute clearly define the prohibited conduct so that it provides adequate and fair notice as to what precisely is proscribed. *Id.*

Our primary goal in construing statutes is to determine and give effect to the intent of the legislature. *Id.* The legislature's intent is best gleaned from the statutory text itself. *Id.* We examine the statute as a whole and avoid excessive reliance upon a strict literal meaning or the selective reading of individual words. *Id.* We presume that the legislature intended for the language to be applied logically and consistent with the underlying goals and policies of the statute. *Id.*

The purpose of Section 9–24–19–2 is to create an enhanced penalty for those who have a prior unrelated judgment for operating a vehicle without a license within the past ten years. The predecessor statute is Section 9–24–18–5, which was repealed in 2000. Section 9–24–18–5 provided:

(a) Except as provided in subsections (b) and (d), a person who operates a motor vehicle upon a highway while the person's driving privilege, license, or permit is suspended or revoked commits a Class A infraction. However, if:

(1) a person knowingly or intentionally violates this subsection; and

(2) less than ten (10) years have elapsed between the date a judgment was entered against the person for a prior unrelated violation of this subsection or IC 9–1–4–52 (repealed July 1, 1991) and *the date the violation described in subdivision (1) was committed,*

the person commits a Class A misdemeanor.

Ind.Code § 9–24–18–5 (West 1998) (repealed by P.L. 32–2000, Sec. 27) (emphasis added). As the State points out, much of the terminology from the old statute is used in the new statute. But when Section 9–24–19–2 was enacted in 2000, the old statute was broken up into two statutes and reorganized. Thus, subdivision (1) in the old statute does not match up with subdivision (1) in the new statute. This is the source of the problem. And in the eleven-plus years that Section 9–24–19–2 has been in existence, there has not been a case reporting on this problem.

Despite the "subdivision (1)" mistake in Section 9–24–19–2, the statute permits a conviction for the Class A misdemeanor regardless of the amount of time that has elapsed since the judgment for the prior unrelated violation. This is because the plain language of Section 9–24–9–2 provides that less than ten years must have elapsed between (1) the date that the judgment was entered for the prior unrelated violation and (2) the date that the violation described "in subdivision 1" (that is, the date of the judgment for the prior unrelated violation *as opposed to the date of the violation for the current offense)* was committed. Thus, because the date of commission of the offense and the date of judgment for the offense will almost always be within ten years, the statute—read literally—makes every prior unrelated judgment an enhancing offense. The legislature surely did not intend this result.

Instead, what the legislature intended was to elevate the offense to a Class A misdemeanor if the offender had a prior unrelated judgment for driving while suspended within the past ten years. When examining the statutory scheme as a whole, we refuse to rely excessively on the legislature's erroneous use of "subdivision (1)." It is clear that the legislature meant to refer back to the date of the instant offense in the introductory paragraph and not to the date of the prior unrelated judgment described in subdivision (1). This was merely an oversight that carried over

from the old statute. We presume that the legislature intended for the language to be applied logically and consistent with the underlying goals and policies of the statute. Moreover, we will not presume that the legislature intended to do a useless thing. *State v. Brunner*, 947 N.E.2d 411, 416 (Ind.2011), *reh'g denied.* In addition, Gearlds cannot claim that he is not subject to Section 9–24–19–2. Read literally, the statute impacts more people who drive while suspended and who have prior convictions. That is, driving while suspended is a Class A misdemeanor regardless of the date of the prior unrelated judgment. Reading Section 9–24–9–2 to have the ten-year limitation is interpreting the statute in a more restrictive way.

We are mindful that clarity in penal statutes is a very high priority. *See Sales v. State*, 723 N.E.2d 416, 422 (Ind.2000). But a statute can still be enforced when it is universally understood and fully appreciated. *See id.* Here, a reading of Section 9–24–19–2 alerts drivers that operating a motor vehicle while suspended can be punished more severely if a judgment was entered against the person for a prior unrelated violation within the past ten years. In fact, it takes a careful reading of Section 9–24–19–2 to comprehend the "subdivision (1)" mistake. And it has taken over a decade for this issue to appear as a blip on this Court's radar screen. Indeed, this statute has surfaced before us many times without as much as a mention of this mistake. *See, e.g., Spivey v. State*, 922 N.E.2d 91, 92 (Ind.Ct.App.2010) ("[I]n order to convict Spivey of driving while suspended, the State was required to prove beyond a reasonable doubt that Spivey operated a motor vehicle on a highway when he knew his driving privileges had been suspended and also, that within the past ten years, Spivey had a prior unrelated judgment for a violation of certain other traffic laws. *See* I.C. § 9–24–19–2."). But

nevertheless, the legislature should amend Section 9–24–19–2 to remove the erroneous "subdivision (1)" language contained in subdivision (2) to avoid any future litigation over this issue. Because the statute is enforceable in its current form, we reverse the trial court's dismissal of the Class A misdemeanor charge against Gearlds and remand for further proceedings.

Reversed and remanded for further proceedings.

FRIEDLANDER, J., and DARDEN, J., concur.