**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 04 2013, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRIAN J. JOHNSON**
Danville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JORDAN HEIMANSOHN,        )
          )
   Appellant-Defendant,      )
          )
       vs.         )     No. 32A01-1209-CR-399
          )
STATE OF INDIANA,        )
          )
   Appellee-Plaintiff.        )

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable David H. Coleman, Judge
Cause No. 32D02-1107-CM-592

April 4, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Jordan Heimansohn appeals his conviction for driving while suspended as a class A misdemeanor. Heimansohn raises two issues which we consolidate and restate as whether the evidence is sufficient to sustain his conviction. We reverse.

FACTS AND PROCEDURAL HISTORY

On July 25, 2011, Danville Police Officer Chris Gill was dispatched to a business on Main Street across from the courthouse regarding a possible break-in by a male subject. When he arrived on the scene, Officer Jerry Cunningham was already present. Officer Cunningham informed Officer Gill that a male had entered the building from the window, and Heimansohn "came outside" at about that time. Transcript at 6.

Officer Gill asked Heimansohn for his identification. Heimansohn stated his name, produced his identification, and informed Officer Gill that his family owned the residence. Officer Gill observed Heimansohn's date of birth on his identification and recorded the birth date in his report. Officer Gill asked Heimansohn how he arrived at that location, and Heimansohn stated that he had driven his truck there from Lowe's. Officer Gill observed a red and white pickup truck parked in the road. He checked Heimansohn's driver's license information and discovered that his license was suspended.

On July 27, 2011, the State charged Heimansohn with driving while suspended as a class A misdemeanor. On July 24, 2012, Heimansohn failed to appear for trial, the court denied a motion by Heimansohn's counsel for a continuance, and the court held a bench trial.

2

After Officer Gill testified that Heimansohn had stated that he had driven his truck to the subject location from Lowe's and after he testified regarding the suspension of Heimansohn's license, Heimansohn's counsel objected to any information received from dispatch as hearsay and any testimony from Officer Gill that Heimansohn "was in fact suspended" because "[t]here's been no corpus delicti established of the commission of any crime." Id. at 11. Heimansohn's counsel also stated: "So absent anybody – any competent witness testifying to observe Mr. Heimansohn operating a vehicle, there's no corpus delicti of a crime being committed and any statement from Mr. Heimansohn to such would be inadmissible." Id. The prosecutor argued:

> As to the corpus delicti rule, Officer Gill has testified that he observed a truck located at the residence where Mr. Heimansohn was found. That is evidence that . . . is in addition to Mr. Heimansohn's statements, . . . and therefore the corpus delicti rule would not prevent the admission of . . . those statements as a basis for his guilt.

Id. at 11-12. The court then stated: "I'm going to overrule the objection. I think the, uh, what the dispatch said would show why the officer acted as he did." Id. at 12.

The State moved to admit an Official Driver Record from the Bureau of Motor Vehicles that listed a name of Jordan Thomas Heimansohn, a birth date of January 19, 1984, and offenses of driving while suspended in 2007 and 2008. Heimansohn's counsel objected on the basis of relevancy "with the absence of establishing a corpus delicti." Id. The court overruled the objection and admitted the driver record. The court found Heimansohn guilty as charged and later sentenced him to time served and suspended his driving privileges for ninety days.

3

ANALYSIS

We first note that the State did not file an appellee's brief. The obligation of controverting arguments presented by the appellant properly remains with the State. Bovie v. State, 760 N.E.2d 1195, 1197 (Ind. Ct. App. 2002). When the appellee does not submit a brief, the appellant may prevail by making a *prima facie* case of error – an error at first sight or appearance. Id. However, we are still obligated to correctly apply the law to the facts of the record to determine if reversal is required. Id.

The issue is whether the evidence is sufficient to sustain Heimansohn's conviction. Heimansohn argues that his statement that he drove a truck was admitted in error because the State failed to establish the *corpus delicti* for driving while suspended. He asserts that the only evidence that he operated a motor vehicle is the testimony of Officer Gill related to Heimansohn's statement. Heimansohn contends that the reference to Lowe's "[p]resumably . . . was a reference to the major hardware chain, but this is not a fact of which a court can take judicial notice." Appellant's Brief at 10. Heimansohn argues that there was no evidence presented as to a possible location of any Lowe's from which the trier of fact could assume that Heimansohn had driven on a highway. Heimansohn also argues that the lack of identifying characteristics on the driving record was insufficient to establish that the driving record belonged to him.

Generally, when reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. Id. We consider conflicting evidence most favorably

4

to the trial court's ruling. Id. We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. Id. at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. Id.

The offense of driving while suspended as a class A misdemeanor is governed by Ind. Code § 9-24-19-2, which at the time of the offense provided:

> A person who operates a motor vehicle upon a highway when the person knows that the person's driving privilege, license, or permit is suspended or revoked, when less than ten (10) years have elapsed between:
>
> (1)    the date a judgment was entered against the person for a prior unrelated violation of section 1 of this chapter,[1] this section, IC 9-1-4-52 (repealed July 1, 1991), or IC 9-24-18-5(a) (repealed July 1, 2000); and
>
> (2)    the date the violation described in subdivision (1) was committed;[2]
>
> commits a Class A misdemeanor.

(Subsequently amended by Pub. L. No. 6-2012, § 70 (eff. Feb. 22, 2012); Pub. L. No. 33-2012, § 1 (eff. March 14, 2012)). Thus, to convict Heimansohn of driving while suspended as a class A misdemeanor, the State was required to prove that Heimansohn operated a motor vehicle upon a highway when he knew that his driving license was

---

[1] Ind. Code § 9-24-19-1 provides: "Except as provided in sections 2, 3, and 4 of this chapter, a person who operates a motor vehicle upon a highway while the person's driving privilege, license, or permit is suspended or revoked commits a Class A infraction."

[2] In State v. Gearlds, 956 N.E.2d 141, 145 (Ind. Ct. App. 2011), the court addressed this statute and stated that "what the legislature intended was to elevate the offense to a Class A misdemeanor if the offender had a prior unrelated judgment for driving while suspended within the past ten years." The court also stated: "When examining the statutory scheme as a whole, we refuse to rely excessively on the legislature's erroneous use of 'subdivision (1).'" Id. The statute was amended in 2012.

suspended when less than ten years had elapsed between the date of the prior judgment and the date of the current offense.

While Officer Gill testified that Heimansohn stated that he had driven his truck there from Lowe's when he asked Heimansohn how he arrived at the location, the State did not present testimony of any witness who observed Heimansohn driving and the record does not reveal the location of the red and white pickup truck other than that it was parked in the road. Additionally the record does not indicate Heimansohn's position in relation to the location of the pickup truck, whether the pickup truck was registered to Heimansohn, whether he possessed the keys for the truck, whether there were any other persons present at the scene, or whether the truck had been in a recent accident. Moreover, we need not delve into the *corpus delicti* rule because we cannot say that the State demonstrated that Heimansohn was the person previously suspended. The identifying information on the driver record included a physical description of Heimansohn, but Heimansohn was tried *in absentia* and our review of the record does not reveal any evidence of Heimansohn's physical characteristics. The driver record included a date of birth of January 19, 1984, but Officer Gill testified that he saw a date of birth for Heimansohn written in his report of "1-18-84."[3] Transcript at 8. Under the circumstances, we cannot say that the State demonstrated that Heimansohn was the person previously suspended. See Duncan v. State, 274 Ind. 144, 151, 409 N.E.2d 597, 601 (Ind. 1980) ("A mere document, relating to a conviction of one with the same name as the defendant would have been insufficient."); Livingston v. State, 537 N.E.2d 75, 78

---

[3] Officer Gill's report was not admitted into evidence.

(Ind. Ct. App. 1989) (holding that the evidentiary link was too tenuous to permit a reasonable juror to find beyond a reasonable doubt that the defendant was previously convicted of driving while intoxicated where the driver record and the abstract of court record contained different birth dates). Consequently, we conclude that under these specific circumstances there is insufficient evidence of probative value from which the trier of fact could reasonably have found beyond a reasonable doubt that Heimansohn committed the offense charged. Accordingly, we reverse and vacate Heimansohn's conviction for driving while suspended as a class A misdemeanor.

For the foregoing reasons, we reverse Heimansohn's conviction for driving while suspended as a class A misdemeanor.

Reversed.

BAILEY, J., and VAIDIK, J., concur.